443 So.2d 1163 (1983)
STATE of Louisiana
v.
Lawrence SLY and Richard Deverney.
No. KA-0714.
Court of Appeal of Louisiana, Fourth Circuit.
December 9, 1983.
Supplemental Opinion February 2, 1984.
*1164 Henry P. Julien, Jr., New Orleans, for Lawrence Sly, defendant-appellant.
Vernon P. Thomas, Dwight M. Doskey, Orleans Indigent Defenders Program, New Orleans, for Richard Deverney, defendant-appellant.
Harry F. Connick, Dist. Atty., Parish of Orleans, John H. Craft, Asst. Dist. Atty., New Orleans, for plaintiff-appellee.
Before AUGUSTINE, LOBRANO and WILLIAMS, JJ.
WILLIAMS, Judge.
Defendant Richard Deverney was convicted of a violation of La.R.S. 14:62, simple burglary, and sentenced to six years at hard labor. He appeals, requesting this court to review for errors patent, and assigns two errors: (1) that it was reversible error for the trial court to allow counsel for the state to refer to a statement made by defendant, and (2) that the failure of defendant's appointed counsel to request a mistrial at the time this reference was made denied defendant effective assistance of counsel.
FACTS
On July 22, 1981, at approximately 11:15 p.m., Officers Hefferman and Nys received a dispatch that a complainant had reported hearing glass breaking in the rear apartment of 3912 Constance Street in New Orleans. The officers proceeded to the scene, driving down the 3900 block of Constance Street, a one-way street, the wrong way and with the lights off. There Hefferman observed two black males walking into the street. They were carrying a large object between them, which they then placed on the ground. One of the males, seeing the two officers, fled. The other (later identified as defendant Deverney) walked toward the officers. Officer Hefferman detained defendant Deverney while Officer Nys pursued the other male (later identified as Lawrence Sly).
Upon approaching the object, Hefferman recognized it as an air conditioner. The *1165 automobile near which it was placed was determined to be registered to Lawrence Sly's sister. On the front seat, Hefferman found defendant Deverney's driver's license.
Two sets of burglar bars and the window's casing had been torn out, and the glass broken, in order to remove the air conditioner. Defendant's fingerprints were found on broken glass that had fallen into the apartment from the window.
The owner of the apartment building testified that the unit had been in place in the windows two days before these events. The former tenant of the apartment testified that the air conditioner had been in place when she had moved out of the apartment that morning. Both stated that they did not know either defendant and had not given them permission to enter.
The defendant testified that he had visited his aunt and then taken a bus to General Taylor Street, near his own home. It was unclear whether he meant to testify that he visited a nearby cousin and then headed home via Constance Street, or whether he meant that he was on his way to his cousin's home when the arrest occurred. He was stopped by an officer, gave the officer his driver's license, and was handcuffed. He testified that the officers then went back down the street toward the area of the apartment. When they returned and questioned him about a burglary, defendant told them that he knew nothing about it because he had just gotten off the bus, and gave the officers his bus transfer.
Defendant asks this court to review the record for any errors patent and to determine whether there was sufficient evidence at trial to convict him of simple burglary.
A review of the record indicates no errors patent.
Simple burglary, La.R.S. 14:62, requires an unauthorized entry of a dwelling with intent to commit a felony or theft therein. We find that, viewing the facts in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime were proved beyond a reasonable doubt. See Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Fuller, 414 So.2d 306 (La.1982). We also conclude that the circumstantial evidence on which this conviction is based excludes every reasonable hypothesis of innocence. La.R.S. 15:438. See State v. Shapiro, 431 So.2d 372 (La.1982).
ASSIGNMENT OF ERROR NO. 1
Defendant contends the trial court erred in allowing counsel for the state, during direct examination of Officer Hefferman, to refer to a statement made by defendant.
The reference was made while Hefferman was testifying as to the events of the night of the burglary, directly after telling of Lawrence Sly's arrest and stating that Sly's address was several miles from the scene of the burglary. The disputed testimony reads as follows:

By Mr. Williams: Your honor, at this time, I'd like to lay the predicate for a statement made by the defendant Deverney.

By the Court: All right. Will you lawyers step up here one minute.
At a conference at the bench after the jury took a recess, counsel for the state explained that the officer would testify that the defendant said to him that he was just walking along, minding his own business, when he saw Lawrence Sly at the scene. Counsel then agreed to instruct the officer to exclude the inculpatory reference to Sly, who was a co-defendant. Upon counsel for defendant's strenuous objections, state's counsel agreed not to use any part of the statement, and the court instructed the jury to disregard the remark made by the district attorney. The officer then testified that the automobile's registration was traced to Sly's sister and that defendant's license was found on the front seat.
The jury knew only that a statement must have been made by defendant Deverney which they were not permitted to hear, the existence of which they were *1166 instructed to disregard altogether. Although they might have remained curious about the statement, it would appear that the context was too ambiguous to have caused them to make any inference implicating defendant Deverney in the crime. The jury heard no part of the statement but only a mention of its having been made, and the court properly instructed the jury to disregard that reference. This assignment of error is without merit.
ASSIGNMENT OF ERROR NO. 2
Defendant contends that the failure of his appointed counsel to request a mistrial when reference to defendant's statement was made denied defendant effective assistance of counsel.
A claim of ineffective assistance of counsel is normally raised by an application for writ of habeas corpus in the district court, where a full evidentiary hearing can be conducted. State v. Ratcliff, 416 So.2d 528 (La.1982); State v. Brown, 384 So.2d 983 (La.1980); State v. Barnes, 365 So.2d 1282 (La.1978). When the record, however, discloses evidence needed to decide the issue of ineffective assistance of counsel and that issue was raised by assignment of error on appeal, in the interest of judicial economy that issue can be addressed by the appellate court. State v. Ratcliff, supra.
Defense counsel ably defended his client at trial, cross examining the state's witnesses extensively and raising objections to testimony where admissibility was questionable. There are six pages of transcript recording defense counsel's strenuous objection to Officer Hefferman's anticipated statement. Defense counsel succeeded in keeping the jury from hearing the disputed statement and had the judge instruct the jury to disregard even the reference to that statement. We have already concluded that the admission of the reference, taken with the jury instructions to disregard it, did not constitute reversible error. Defense counsel used prudent judgment in deciding that the granting of a mistrial on these grounds was highly unlikely and that a jury instruction would remove whatever serious prejudice had occurred. This assignment of error is without merit.
Accordingly, defendant's conviction and sentence are affirmed.
AFFIRMED.

Supplemental Opinion
PER CURIAM.
After a thorough review of the record, we find that our previous holding in this matter is applicable to defendant Lawrence Sly, and for those reasons his conviction and sentence are affirmed.
AFFIRMED.