GULOTTA, Judge.
Defendant appeals his sentence of ten years at hard labor without benefit of parole, probation, or suspension of sentence for violating LSA-R.S. 14:95.1, being a convicted felon in possession of a firearm.[1] In his sole assignment of error, defendant contends the maximum sentence is excessive because the trial judge failed to discuss adequately the guidelines set forth in LSA-C.Cr.P. Art. 894.1 and imposed a penalty greatly disproportionate to the particular offense. We affirm.
A sentence within the statutory limit is unconstitutionally excessive if it is “grossly out of proportion to the severity of the crime” or “is nothing more than the purposeless imposition of pain and suffering”. State v. Brogdon, 457 So.2d 616 (La.1984), certiorari denied Brogdon v. Louisiana, 471 U.S. 1111, 105 S.Ct. 2345, 85 L.Ed.2d 862 (1985); State v. Gaston, 477 So.2d 868 (La.App. 4th Cir.1985). In reviewing a maximum statutory sentence, we must determine whether the trial judge adequately complied with the sentencing guidelines of LSA-C.Cr.P. Art. 894.1 and whether the sentence, which should be reserved for the most egregious violators, is warranted in light of the particular circumstances of the case. State v. Soco, 441 So.2d 719 (La.1983); State v. Quebedeaux, 424 So.2d 1009 (La.1982).
After reviewing the record, the trial judge made the following findings at the sentencing hearing:
“In view of the fact that this is the defendant’s third felony conviction, and of the fact that probation or suspension of sentence is prohibited by law, the sentence guidelines set forth in Article 893.1 of The Code of Criminal Procedure do not apply.
The defendant is 23 years-old and has spent part of his juvenile life and all of his adult life committing crime. He has some 36 arrests, 17 of them for serious felonies; and four convictions: two of them for robbery and burglary.
The Court finds that there are no mitigating or extenuating circumstances and that this defendant, if returned to the community, will in all likelihood continue in his life of crime. It is unfortunate that the maximum sentence which this Court is authorized to impose in this type of crime is so light.”
Even though a judge need not specifically recite each of the factors listed in LSA-C.Cr.P. Art. 894.1, the record must reflect that he adequately considered the sentencing guidelines and that there is an adequate factual basis for the sentence imposed. State v. Soco, supra.
In the instant case, the record and sentencing transcript demonstrate that the trial judge properly applied the statutory sentencing guidelines to defendant’s particular circumstances. In view of Baker’s extensive criminal history, including a string of serious felony arrests and two prior felony convictions for robbery and burglary without any mitigating or extenuating circumstances, we cannot say the maximum sentence is disproportionate to his offense.
In State v. Collins, 461 So.2d 384 (La. App. 4th Cir.1984), we likewise affirmed a maximum ten year sentence for a violation of LSA-R.S 14:95.1 by a defendant who had two prior convictions for misdemeanor theft, possession of stolen valuables, and simple burglary without any mitigating factors. The facts in the instant case are even more compelling to warrant the maximum sentence.
Accordingly, the conviction and sentence are affirmed.
AFFIRMED.

. A review of the record for errors patent reveals that the trial court failed to impose a fine in accordance with LSA-R.S. 14:95.1, which provides for a mandatory fine of "not less than $1,000.00 nor more than $5,000.00” in addition to the term of imprisonment. Because neither the defendant nor the State has sought review of this error patent favorable to the defendant, however, we will not correct it on appeal. See State v. Fraser, 484 So.2d 122 (La.1986).