GARRISON, Judge.
The defendant, Sean A. McDonald, was charged by bill of information with possession of marijuana with intent to distribute, a violation of LSA-R.S. 40:966 A.[1] The defendant pled guilty to this offense and requested that the trial judge order a pre-sentence investigation report prior to sentencing the defendant. This request was granted by the trial judge. After the trial judge received this report from the Department of Corrections which indicated a prior conviction in another state for possession of cocaine, he sentenced the defendant to serve two years at hard labor with credit for time served. Defendant appeals his sentence.
On appeal, the defendant argues that his sentence should be set aside because the trial judge did not adequately comply with the requirements of Louisiana Code of *565 Criminal Procedure Article 894.1. Specifically, he contends that the trial judge did not “state for the record the considerations taken into account and the factual basis therefor in imposing sentence.” LSA-C. Cr.P. art. 894.1(C).
This court has stated that the requirements of Article 894.1 are satisfied, without the necessity for a remand, where evidence in the record clearly shows an adequate factual basis for the sentence. State v. Hawthorne, 454 So.2d 285 (La.App. 4th Cir.1984), writ denied 457 So.2d 1201 (La. 1984). The record in this case details the nature of the offense with which the defendant was charged and the pre-sentence investigation report prepared by the Louisiana Department of Corrections at the trial court’s request details the personal history of the defendant including a prior conviction on a drug related offense. The trial judge’s reasons reflect that he considered all of this information in his sentencing decision. Therefore, because the record reveals that the trial judge carefully considered the circumstances of the offense and the character of the offender in this case, we find adequate compliance with Article 894.1.
For these reasons, we affirm the defendant’s conviction and sentence.
AFFIRMED.

. A person convicted of possession of marijuana with intent to distribute may be sentenced to a term of imprisonment at hard labor for not more than ten years and may be ordered to pay a fine of not more than fifteen thousand dollars.