541 So.2d 401 (1989)
STATE of Louisiana
v.
Herbert WILLIAMS.
No. 88-KA-0906.
Court of Appeal of Louisiana, Fourth Circuit.
March 30, 1989.
*402 Harry F. Connick, Dist. Atty., Beryl McSmith, Asst. Dist. Atty., New Orleans, for appellees.
Sherry Watters, Orleans Indigent Defender Program, New Orleans, for appellant.
Before KLEES, BYRNES and WARD, JJ.
BYRNES, Judge.
Herbert Williams appeals his sentences totaling 45 years at hard labor. A jury found the defendant guilty as charged and he was sentenced to 30 years for armed robbery, without benefit of probation, parole or suspension of sentence, as well as 15 years for attempted armed robbery, to be served consecutively. In his sole assignment of error, defendant contends that the consecutive sentence imposed is unconstitutionally excessive. We affirm.
Two victims testified at trial that when they were walking together through the Iberville Project on December 5, 1985, Williams, along with three other perpetrators, pulled out guns and surrounded them. One victim, Timothy Lewis, threw down his wallet containing about $20; the gunmen searched both victims; and the other victim, Glenn Bates, was struck on the face with a gun.
In support of his argument that his sentence is excessive, defendant points out that he is a first offender and was only 17 at the time the crime was committed. He also asserts that his participation was no greater than that of co-defendant, Leon Johnson, who was tried separately and received sentences of 15 and 5 years or 20 years consecutively. Defendant avers that neither of the alleged victims was injured. In addition, Williams claims that the trial court gave no justification under La.C.Cr.P. Arts. 883 and 894.1 guidelines for imposing consecutive sentences.
Failure of the trial judge to specifically recite each factor listed in La.C.Cr. P. Art. 894.1 does not automatically require *403 a remand for resentencing. State v. McDonald, 503 So.2d 564 (La.App. 4th Cir. 1987). But the record must reflect that he adequately considered these guidelines and there is an adequate basis for the sentence imposed. State v. Soco, 441 So.2d 719 (La. 1983), appeal after remand, 508 So.2d 915 (La.App. 4th Cir.1987); State v. Baker, 499 So.2d 338 (La.App. 4th Cir.1986). Although the trial court need not refer to mitigating circumstances, the record must reflect that the sentencing guidelines were considered in particularizing the sentence to the defendant. State v. Williams, 454 So.2d 295 (La.App. 4th Cir.1984). Although sentences for convictions arising out of a single course of illegal conduct are concurrent as a general rule at least for a first offender, consecutive sentences are justified when the offender poses an unusual risk to the safety of the public due to his past conduct of repeated criminality. La.C.Cr. P. art. 883; State v. Jett, 419 So.2d 844 (La.1982); State v. Dawson, 490 So.2d 560 (La.App. 4th Cir.1986). Co-defendants do not have to receive identical sentences, but rather, sentences should be tailored to the particular offense and offender. State v. Jessie, 429 So.2d 859 (La.1983); State v. Sly, 443 So.2d 1163 (La.App. 4th Cir.1983), on rehearing, 449 So.2d 170 (La.App. 4th Cir.1984).
The sentencing transcript reflects that the trial judge introduced into the record a copy of defendant's rap sheet, as well as a copy of his written confession containing information admitted by the defendant that he had committed a series of robberies in the project area. The court noted that it based the consecutive sentences on defendant's extensive juvenile criminal record, including numerous arrests, and the fact that one of the victims was struck with a weapon during perpetration of the crimes. These aggravating circumstances outweigh the mitigating factors of defendant's age and first offender status to justify the sentences imposed. The record shows that the trial court adequately considered the sentencing guidelines in particularizing the sentences to the defendant and there is a factual basis for the sentences. We find no manifest abuse of the trial court's sentencing discretion. The convictions and sentences are affirmed.
AFFIRMED.