PLOTKIN, Judge,
dissents.
I respectfully dissent on two issues, that there is insufficient evidence to support the conviction of armed robbery and attempted armed robbery and that the defendant received patently ineffective legal representation.
INSUFFICIENT EVIDENCE
Although the defendant has not alleged as an assignment of error the sufficiency of the evidence to support the conviction, a reviewing court may raise the issue, in conjunction with its review of the record. State v. Raymo, 419 So.2d. 858 (La.1982). An appellate court has the authority to correct errors patent, and render any judgment which is just, legal and proper upon the record on appeal. La.C.C.P. art. 2164.
The majority’s fact narration is substantially correct. It is undisputed that the victims could not identify the defendant when the crime was reported December 5, 1985. However, on December 16, 1985 in four separate photographic lineups, the victims did recognize co-defendants, Herbert Williams, Melvin Allen and Leroy Crosby, but not the defendant Johnson. They never identified the defendant as one of the felons.
When co-defendant Williams was arrested on December 28, 1985, he implicated defendant Johnson. Both the State and defendant acknowledge in brief that the only basis for the defendant’s arrest was Williams’ accessory statements.
The only evidence that relates to Johnson’s guilt is his alleged inculpatory statement given to the police officers, which is blatantly suspect. Furthermore, the defendant timely objected to the statement being admitted into evidence because of the failure to give written notice pursuant to La.C. Cr.P. art. 768.
Police Officer Tyrone Martin testified at both the preliminary hearing and the trial. At the preliminary hearing he testified that he arrested both Herbert Williams and Leon Johnson. All statements allegedly made to him by the defendant occurred at the time of arrest. He stated three separate times at the preliminary hearing that Leon Johnson denied committing the armed robbery. The defendant made no admissions to Officer Martin or to anyone else, according to the officer’s testimony.
At trial, Police Officer Martin changed his testimony. He testified that the defendant confessed to participating in the robbery. Martin claims that when he and Officer Deal approached Johnson, with Williams in custody, they arrested Johnson and advised him of his rights. The officer stated that Johnson then confessed that he was present when the armed robbery took place, and that he participated in the robbery but didn’t have a gun. He stated that *958 Crosby had the gun and he would lead the officers to Crosby’s house.
Officer Dwight Deal, Martin’s partner, testified that at the scene of the arrest, Johnson acknowledged participating in the robbery and that he would lead them to Crosby, who retained possession of the gun.
The defendant testified that he admitted telling the officer he knew about the robbery and where Crosby lived. He emphatically denied participating in the crime.
The State did not present any other probative evidence. Although Officer Martin indicated at the preliminary hearing that Detective Deal secured other statements at the police station, none were produced.
Furthermore, the State failed to prove identification of the defendant as the felon. Both victims, Glen Bates and Timothy Lewis, failed to identify the defendant in a photographic lineup. At trial, Bates repeatedly testified that he was “unsure” and “not positive” that Johnson was the culprit. His brother Lewis unequivocally was unable to recognize the defendant as his attacker.
Therefore, the only evidence to convict the defendant is the alleged oral inculpato-ry statements of the defendant to the police officers on the date of his arrest. These inculpatory statements are in direct conflict with his testimony at the preliminary hearing. The defendant denies ever making the statements. I am not convinced that a rational trier of fact could have found every element of the crime proved beyond a reasonable doubt, based solely upon the conflicting statements given to the arresting officer and attributed to the defendant on the date of his arrest.
INEFFECTIVE ASSISTANCE OF COUNSEL
On the face of the record, it is apparent that defendant Johnson was denied effective assistance of counsel. Johnson’s public defender attorney also represented co-defendant, Herbert Williams, the only one who directly implicated Johnson and whose statements triggered Johnson’s arrest. Yet, the defense attorney failed to cross-examine Officers Martin and Deal about Williams’ statements or call Williams to the stand. Although their cases were severed, Williams was awaiting trial when the defendant went to trial.
The conflict of interest arising from this multiple representation affected the defense lawyer’s performance. Johnson was deprived of an attorney who could interview Williams and report his statements to Johnson. As a result, he was denied the opportunity to call him as his witness on direct examination because he did not know what he would testify to. He could not have called him under cross-examination. Finally, Johnson’s attorney could not fully cross-examine the police officers relative to Williams’ statement about Johnson, because he was unable to determine whether he would be able to impeach them with Williams’ testimony. Clearly, if the defense attorney had not also represented Williams, he could and should have attacked the credibility of Williams’ indictment of Johnson.
An additional adverse effect of the conflict of interest, which is apparent in the record, was counsel’s failure to question Johnson concerning his knowledge of Williams’ actions about the robbery. To ask these questions would have implicated his client Williams. Further evidence of the ineffective assistance of counsel is the failure to cross-examine Police Officer Martin about his inconsistent statements, under oath, at the preliminary hearing and trial. It is obvious that because of the joint representation, counsel was denied full latitude to present his case effectively. This is of particular importance in consideration of the fact that the defendant was never identified by the victims and the only evidence of guilt was the alleged oral statements made to the police officers.
The State contends that, since neither counsel nor the defendant ever objected to the multiple representation, the defendant’s arguments on conflict of interest are in essence only matters of trial strategy. However, because the error raised is the prejudice caused by dual representation, to require an objection before the error was *959 committed would create an untenable position for the defendant. Furthermore, a defendant who is a layman and untrained in the law cannot be expected to know or object at trial that his counsel is ineffective. Only after the trial does it usually become apparent that a person has been ineffectively represented and incurred prejudice as a result of it. Consideration must also be given to the fact that different counsel had been appointed for the preliminary hearing. Additionally, the visiting, retired ad hoc judge was not aware of the multiple representation problem. All of these factors contributed to the denial of the defendant’s right to effective assistance of counsel.
The La.Rules of Professional Conduct defines the conflict of interest in the duty of loyalty to the client:
RULE 1.7 CONFLICT OF INTEREST: GENERAL RULE:
Loyalty is an essential element in the lawyer’s relationship to a client. Therefore:
(a) A lawyer shall not represent a client if the representation of that client will be directly adverse to another client, unless:
(1) the lawyer reasonably believes the representation will not adversely affect the relationship with the other client; and
(2) each client consents after consultation.
(b) A lawyer shall not represent a client if the representation of that client may be materially limited by the lawyer’s responsibility to another client or to a third person, or by the lawyer’s own interest, unless:
(1) the lawyer reasonably believes that representation will not be adversely affected: AND
(2) the client consents after consultation. When representation of multiple clients in a single matter is undertaken, the consultation shall include explanation of the implications of the common representation and the advantage and risk involved.
The purpose of these rules is to insure independent professional judgment on the part of the lawyer. Any factor which interferes with the exercise of this independence of judgment creates a conflict of interest.
On review of the record, a conflict of interest was created when Johnson’s attorney also represented his co-defendant, Herbert Williams. Johnson’s representation was materially limited by his counsel’s responsibility to Williams. Williams could not be called to the stand for direct examination, or could not have been effectively cross-examined without compromising one of the two co-defendants. A more detailed examination of Johnson on his knowledge of the robbery may have adversely affected the co-defendant. Even a more detailed cross-examination of the police officers as to Williams’ implicating statements was limited, avoiding further exposure for Williams. As the majority indicates, representation of multiple defendants is violative of the constitutional right to adequate legal assistance only if it gives rise to a conflict of interest. The factual scenario in this case gives rise to a clear conflict of interest. The result of this conflict is the defendant’s legitimate claim of ineffective assistance of counsel.
I disagree with the majority that this issue should await post-conviction relief application. Judicial efficiency and justice mandate that the defendant should not be incarcerated while awaiting post-conviction relief, if the error is patent in the record and he will more likely than not receive a new trial. Moreover, the defendant has raised this issue as a direct assignment of manifest error. State v. Seiss, 428 So.2d. 444 (La.1983); State v. Browning, 483 So.2d. 1008 (La.1986); State v. Sly, 443 So.2d 1163 (La.App. 4th Cir.1983); See State v. Robinson, 461 So.2d 403 (La.App. 4th Cir.1984).
For the above and foregoing reasons, I would reverse the defendant’s conviction.