ARMSTRONG, C.J.
| ¡..Herbert Williams seeks review of an administrative ruling, upheld by the Nineteenth Judicial District, whereby he is being given credit for time served on only one of two sentences imposed in 1996 to be served consecutively.
On November 4,1987, Williams was convicted of one count each of armed robbery and attempted armed robbery. The court sentenced him on November 6, 1987, to serve thirty years at hard labor without benefit of parole, probation, or suspension of sentence on the armed robbery count and fifteen years at hard labor on the attempted armed robbery count, the sentences to be served consecutively. The Fourth Circuit affirmed his convictions and sentences in State v. Williams, 541 So.2d 401 (La.App. 4 Cir.1989), and the Supreme Court denied writs, State v. Williams, 564 So.2d 320 (La.1990). In 1993, in response to Williams’ pro se motion to correct an illegal sentence, the Fourth Circuit vacated his sentence on the attempted robbery count because it was illegally lenient in that it did not prohibit eligibility for parole, probation, or suspension of sentence, and it remanded the case to the trial court for resentencing, in compliance with State v. Desdunes, 579 So.2d 452 (La.1991), for a determination of the sentencing judge’s intent.
On remand, on December 20, 1993, the trial court resentenced Williams on the attempted robbery count to fifteen years at hard labor without benefit of parole, probation, or suspension of sentence, with credit for time served. Williams filed another pro se motion to correct an illegal sentence based upon the trial court’s failure to comply with Desdunes when | ¡¡resentencing him. In 1994, the Fourth Circuit vacated the December, 1993 resen-tencing and remanded the case for resen-tencing in compliance with Desdunes. In response, on April 21, 1995, the trial court “amended” the sentence to deny eligibility for parole, probation, or suspension of sentence. Williams filed yet another motion to correct an illegal sentence, again complaining that the trial court failed to comply with Desdunes. The Fourth Circuit vacated the April, 1995 sentence and remanded the case for resentencing in compliance with Desdunes. On January 24, 1996, the trial court resentenced Williams to serve thirty years at hard labor without benefits for the armed robbery conviction and fifteen years at hard labor without benefits for the attempted armed robbery conviction, the sentences to run consecutively to each other “less credit for time served.”
*50 On July 30, 2003, Williams filed a petition with the Department of Public Safety and Corrections (“DPSC”) through its Administrative Remedy Procedures wherein he complained that he was not being given credit for time served on both of his sentences. The DPSC denied his petition on October 13, 2003, and on further review of this ruling, it denied relief on December 4, 2003. Williams filed a Petition for Judicial Review in the Nineteenth Judicial District on December 23, 2003 and filed a supplemental petition on January 10, 2004. The DPSC answered, and on August 11, 2005 the commissioner issued his recommendation denying relief. Williams objected to the commissioner’s recommendation, and on September 12, 2005 the district court denied relief. Williams moved for an appeal on September 21, 2005, and the district court granted his appeal on October 13, 2005. The DPSC has not responded.
[4Williams now comes before this Court seeking relief from the district court’s ruling. He argues that this ruling is erroneous because it is based upon an incorrect interpretation by the commissioner of whether the trial court intended to grant him credit for time served on both of his 1996 sentences. He maintains that it is the sentencing judge’s intent, not that of the DPSC, which governs the conditions upon which a sentence must be served.
In support, he cites Blair v. Stalder, 99-1860 (La.App. 1 Cir. 1/31/01), 798 So.2d 132, where this Court set forth the standard of review of an appeal from a district court’s ruling on an appeal from an administrative entity’s ruling:
[WJhen reviewing an administrative final decision in an adjudication proceeding, the trial court functions as an appellate court. Eicher v. Louisiana State Police, Riverboat Gaming Enforcement Division, 97-0121, p. 5 (La.App. 1 Cir. 2/20/98), 710 So.2d 799, 803, writ denied, 98-0780 (La.5/8/98), 719 So.2d 51. Once a final judgment is rendered by the trial court, an aggrieved party may seek review of same by appeal to the appropriate appellate court. On review of the district court’s judgment, no deference is owed by the court of appeal to factual findings or legal conclusions of the district court, just as no deference is owed by the Louisiana Supreme Court to factual findings or legal conclusions of the court of appeal. Eicher, 97-0121 at 5 n. 5, 710 So.2d at 803 n. 5. With these principles in mind, we have thoroughly reviewed the entire administrative record in the instant case and find that the trial court erred in dismissing Blair’s suit.
It is well settled that the determination of the sentence a defendant is to serve, and what, if any, conditions are to be imposed on that sentence, is made by the trial judge, not the defendant’s custodian. The custodian’s obligation is to see that the sentence imposed is the sentence served. State ex rel. Pierre v. Maggio, 445 So.2d 425, 426 (La.1984). Thus, DOC is charged with the responsibility of complying with any conditions placed on a sentence by the trial judge.
Id. at p. 9, 798 So.2d at 139.
As per La. R.S. 15:1177 A(9) [1] a district court may reverse or modify an adminis *51 trative ruling only if the ruling prejudices the substantial right of the appellant because the ruling: (1) violates a constitutional or statutory provision; (2) is in excess of the statutory authority of the agency; (3) is made upon unlawful procedure; (4) is affected by other error of law; (5) is arbitrary, capricious, or characterized by abuse of discretion; or (6) is manifestly erroneous in view of the reliable, probative, and substantial evidence in the whole record. See also, Lightfoot v. Stalder, 2000-1120 (La.App. 1 Cir. 6/22/01), 808 So.2d 710.
Here, Williams takes exception to the district court’s ruling that he is not entitled to credit for time served on both his armed robbery and his attempted armed robbery 'sentences that the trial court ordered to be served consecutively. At the 1996 resentencing, the trial court resen-tenced Williams on both counts, not just the count upon which the Fourth Circuit ordered the trial court to resentence him. The trial court imposed a thirty-year sentence without benefit of parole, probation, or suspension of sentence for the armed robbery conviction and a fifteen-year sentence on the attempted armed robbery conviction without these benefits. The court then |fistated: “Said sentences to run consecutive to each other less credit for time served.” The commissioner for the district court interpreted this sentence to mean that Williams would get credit for time served only on one count, the thirty-year sentence. Williams disagrees, noting that the minute entry of resentencing states that he was to receive credit for time served on both counts.
As noted by Williams, where there is a discrepancy between a minute entry and a transcript, the transcript prevails. State v. Lynch, 441 So.2d 732 (La.1983). Here, Williams argues that the minute entry does not contradict the transcript. Rather, he contends, the transcript could just as easily be interpreted to comport with the minute entry. Indeed, the trial court’s words would support a finding that it intended that Williams be given credit for time served on both sentences, in that the court stated: “said sentences to run consecutive to each other less credit for time served.” It is unclear why the trial court resentenced Williams on the armed robbery count at that time because the earlier writs to the Fourth Circuit pertained only to the attempted armed robbery sentence, and no argument was made with respect to the armed robbery count. Nonetheless, the minute entry of January 24, 1996 indicates that the court imposed both sentences with credit for time served. The minute entry does not contradict the sentencing transcript.
As noted above, this Court is not bound by the factual findings of the district court. The transcript of the January 24, 1996 resentencing, when added to the minute entry of that resentencing,[2] leads to the conclusion that the trial court intended that Williams receive credit for time served on both |7sentences. 'Accordingly, the ruling of the district court is reversed and the Department of Corrections is ordered to compute Williams’ armed robbery and attempted armed robbery sentence with credit for time served.
REVERSED.

. The Louisiana Supreme Court, in Pope v. State, 99-2559 (La.6/29/01), 792 So.2d 713, held La.R.S. 15:1171-1179 to be unconstitutional to the extent that those statutes are applied to tort actions. The court held that the Legislature cannot, by legislative act, divest the district courts of the original jurisdiction fixed by the Constitution in those civil matters, such as tort actions, in which the Constitution does not otherwise provide for original jurisdiction in other tribunals. The Legislature, of course, is free to enact procedures for initial submission of tort claims by prison inmates to an administrative agency *51 for review, for example, of frivolous claims, as long as the action of the administrative agency does not constitute the exercise of original jurisdiction. Pope v. State at p. 12, 792 So.2d at 720.

. Furthermore, this interpretation is consistent with the transcripts, minute entries and commitment forms of the prior sentencing hearings.