# STATE OF LOUISIANA

# COURT OF APPEAL

# FIRST CIRCUIT

## NO. 2022 CA 0790

## STATE OF LOUISIANA IN THE INTEREST OF TAMARA KIRKLAND V. SHEDRICK KIRKLAND

*Judgment Rendered:* **MAR 0 3 2023**

\* \* \* \* \* \* \* \*

Appealed from the
21st Judicial District Court
In and for the Parish of Tangipahoa
State of Louisiana
Case No. 2020-0002256

The Honorable Jeffrey Cashe, Judge Presiding

\* \* \* \* \* \* \* \*

DaShawn P. Hayes
New Orleans, Louisiana

Counsel for Plaintiff/Appellant
Tamara Kirkland

Scott M. Perrilloux
District Attorney
Amite, Louisiana
Cassandra Butler
Assistant District Attorney
Independence, Louisiana

Counsel for Appellee
State of Louisiana

Angela F. Lockett
Baton Rouge, Louisiana

Counsel for Defendant/Appellee
Shedrick Kirkland

\* \* \* \* \* \* \* \*

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

**THERIOT, J.**

This appeal arises from a judgment rendered in a child support enforcement proceeding. For the reasons set forth herein, we dismiss the appeal.

## FACTS AND PROCEDURAL HISTORY

On September 1, 2020, the State of Louisiana, Department of Children and Family Services ("the Department") filed a Rule to Show Cause against Shedrick Kirkland on behalf of Tamara Kirkland to set child support for the parties' minor children. At the hearing on the rule to set support, counsel informed the hearing officer[1] that the parties had entered into a consent judgment, which was filed into the record. The March 1, 2021 consent judgment ordered Shedrick to pay child support in the amount of $785.38 per month, plus an administrative fee of 5%, effective September 1, 2020. The consent judgment further provided that Shedrick would either obtain medical insurance for the minor children and pay 53.09% of all extraordinary medical expenses not covered by private insurance, or pay $18.70 per month in the event private insurance is not available. In addition to the monthly support payment, Shedrick was ordered to pay $25.00 per month, plus a 5% administrative fee, effective March 1, 2021, towards the arrearage owed, and to pay court costs and public defender fees. The consent judgment set a review date of May 7, 2021, for prospective modification only.

The court minutes reflect that at the May 7, 2021 review hearing, the Department moved for the "Interim Judgment" to be made permanent. The review hearing was subsequently continued a number of times by the hearing officer, and

---

[1] Louisiana Revised Statutes 46:236.5 sets forth procedures establishing an expedited process for certain family and domestic matters using hearing officers. Under La. R.S. 46:236.5(C)(3), the hearing officer "shall act as a finder of fact and shall make written recommendations to the court concerning any domestic and family matters," including the establishment, modification, method of collection, and enforcement of child support. The written recommendations of the hearing officer shall contain a statement of the pleadings; a statement as to the findings of fact by the hearing officer; a statement as to the findings of law based on the pleadings and facts, including the hearing officer's opinion thereon; and a proposed judgment. La. R.S. 46:236.5(C)(5). In the event a party disagrees with the hearing officer's judgment or ruling, he or she may file a written objection to be heard by the district court to whom the case is assigned. Upon the filing of such an objection, the district court shall schedule a contradictory hearing where the judge shall accept, reject, or modify in whole or in part the findings of the hearing officer. The judge in his discretion may also receive additional evidence at the hearing or remand the proceedings to the hearing officer to receive evidence. La. R.S. 46:236.5(C)(6). A hearing officer may also accept stipulated agreements setting forth the amount of support to be paid. La. R.S. 46:236.5(C)(4)(h).

on November 5, 2021, the matter was continued until February 7, 2022, to be heard by District Court Judge Jeffrey Cashe.

On January 31, 2022, Tamara filed a "Memorandum of Law" in which she objected to "the hearing officer's recommendation that is set for hearing on February 8, 2022."[2] Tamara requested that the court "overrule[] the hearing officer's recommendation regarding child support" because the Department had proffered a child support obligation worksheet to the hearing officer for the calculation of support wherein Shedrick "sought to be credited several reimbursements from his alleged self-employment" to which he was not entitled. Although La. R.S. 46:236.5(C) requires that both the hearing officer's recommendation and any objection filed thereto be in writing, neither was attached to Tamara's memorandum, nor are they contained elsewhere in the record. Tamara attached the following exhibits to her "Memorandum of Law": the November 6, 2020 child support obligation worksheet; an untitled, undated spreadsheet containing income and expense data and handwritten calculations; and copies of two of Shedrick's paystubs.

The court minutes for February 7, 2022 state that a review hearing was held on that date on the "Interim Order," and thereafter, the "Court denied exception and ordered interim order become final order." Although the February 7, 2022 court minutes suggest that this hearing was held before the hearing officer, the record also contains a transcript of a February 7, 2022 hearing before Judge Cashe. See Williams v. Cooper, 2005-2360, p. 6 (La.App. 1 Cir. 10/6/06), 945 So.2d 48, 51 (where there is a discrepancy between a minute entry and a transcript, the transcript prevails). On April 1, 2022, Judge Cashe signed a judgment stating:

---

[2] It is unclear from a review of the record whether this date is an error. Although the court minutes reflect that the "Review of Interim Order" was continued to February 7, 2022, and the record contains a transcript of a hearing on February 7, 2022 on the "Exception to Hearing Officer Recommendation," the judgment appealed in this case states that it was issued following a February 8, 2022 hearing on the "Plaintiff's Objection to Hearing Officer Recommendation."

3

This matter came before this Honorable court on the Plaintiff's Objection to Hearing Officer Recommendation regarding child support on February 8, 2022.

\* \* \*

The Court, considering the law and evidence, and stipulations of the parties, does hereby make the following Judgment of this Honorable Court:

IT IS ORDERED, ADJUDGED, AND DECREED that the Plaintiff's objection to the hearing officer's recommendation regarding child support calculation is OVERRULED. The recommendation of the hearing officer regarding the child support obligation is adopted.

IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that this judgment be designated as final for appeal purposes pursuant to La. C.C.P. art. 1915, et seq.

Tamara filed a devolutive appeal, arguing that the trial court erred in making "the interim order of child support permanent" and in denying her "objection to the interim order of support and hearing officer's recommendation." After the appeal record was lodged, this court issued a rule to show cause, ordering the parties to show cause why the appeal should not be dismissed. The show cause order states, in part:

The April 1, 2022 judgment that is at issue in the instant appeal references a document that is not attached to the judgment. Specifically, the judgment references the "recommendation of the hearing officer regarding the child support obligation." A valid judgment must be "precise, definite, and certain." These determinations should be evident from the language of a judgment without reference to other documents in the record, such as pleadings and reasons for judgment. (Citations omitted)

Tamara, Shedrick, and the Department each filed a response to the rule to show cause order. Tamara averred that the April 1, 2022 judgment is "precise, definite and certain" because it "references the only hearing officer recommendation that is within the record, which is the interim order on March 1, 2021." As such, Tamara requested that her appeal be maintained, or in the alternative, that this court "order that a modified judgment be submitted to the district court for signature." Shedrick contended that the reference in the judgment

4

to the hearing officer's recommendation was an error, and the judgment should have referenced the consent judgment. Further, he urged that the April 1, 2022 judgment is not a valid judgment for purposes of appeal. The State also took the position that the April 1, 2022 judgment should be dismissed "due to the judgment not being complete with the specifics of what the child support was set at."

Thereafter, this court issued an Interim Order on November 7, 2022, stating, in part:

> [T]he April 1, 2022 judgment at issue in this appeal references the "hearing officer's recommendation," but the hearing officer's recommendation is not attached to the judgment. We recognize that the appellees submit that there was never a "hearing officer's recommendation," but only a consent judgment. In either event, the judgment itself does not attach any extrinsic document that reflects the child support award nor does the judgment itself otherwise specify the child support award therein without reliance on an outside document.

Accordingly, this court remanded the matter for the limited purpose of instructing the trial court, in accordance with La. C.C.P. art. 1951, to sign an amended judgment that corrects the deficiencies and complies with La. C.C.P. art. 1918, and instructing the Clerk of Court's Office of Tangipahoa Parish to supplement the appellate record with the amended judgment by December 7, 2022. Although the appellate record was supplemented with a number of items on December 29, 2022, the supplement did not contain an amended judgment as ordered by this court. In addition, all of the items included in the supplement were already part of the appellate record and predated this court's rule to show cause order, with the exception of the November 7, 2022 Interim Order.

## DISCUSSION

As an appellate court, we have the duty to examine our subject matter jurisdiction and to determine sua sponte whether such subject matter jurisdiction exists, even when the issue is not raised by the litigants. *Advanced Leveling & Concrete Solutions v. Lathan Company, Inc.*, 2017-1250, p. 3 (La.App. 1 Cir.

5

12/20/18), 268 So.3d 1044, 1046 (en banc). This court's appellate jurisdiction only extends to "final judgments." *Rose v. Twin River Development, LLC*, 2017-0319, p. 4 (La.App. 1 Cir. 11/1/17), 233 So.3d 679, 683; see also La. C.C.P. art. 2083(A).

Louisiana Code of Civil Procedure article 1918 mandates that a final judgment be identified as such by appropriate language. It is well settled that a final judgment must be precise, definite, and certain, and must contain decretal language. *Carter v. Carter*, 2021-1173, p. 4 (La.App. 1 Cir. 5/12/22), 342 So.3d 391, 394. Decretal language must name the party in favor of whom the ruling is ordered, the party against whom the ruling is ordered, and the relief that is granted or denied. *Id.* The specific relief granted must be determinable from the judgment so that a third person is able to determine from the judgment the amount owed without reference to other documents. *Hill International, Inc. v. JTS Realty Corp.*, 2021-0157, p. 5 (La.App. 1 Cir. 12/30/21), 342 So.3d 322, 326. Where the amount of an award must be determined by a future contingency or ascertained by extrinsic reference, it is not a proper judgment. *Carter*, 2021-1173 at n.1, 342 So.3d at 394, n.1. In the absence of such decretal language, the ruling is not a valid final judgment, and in the absence of a valid final judgment, this Court lacks jurisdiction. *Carter*, 2021-1173 at 4, 342 So.3d at 394.

The April 1, 2022 judgment before us on appeal is lacking in specificity as to the relief granted. The judgment states only that Tamara's objection to the hearing officer's recommendation is overruled and the hearing officer's recommendation regarding the child support obligation is adopted. However, the judgment does not set forth the substance of the hearing officer's recommendation that is to be adopted, nor is the hearing officer's recommendation attached to the judgment. Moreover, the parties contend in response to this court's rule to show cause order that there never was a hearing officer recommendation issued in this

6

matter, and the hearing that resulted in the April 1, 2022 judgment was actually a review of the interim order of support contained in the March 1, 2021 consent judgment. The judgment before us is so lacking in detail that the relief granted simply cannot be determined from the judgment. Accordingly, the April 1, 2022 judgment is not a proper judgment.

We recognize that this Court has discretion to convert an appeal of a non-appealable judgment to an application for supervisory writs. *Simon v. Ferguson*, 2018-0826, p. 4 (La.App. 1 Cir. 2/28/19), 274 So.3d 10, 14. However, an appellate court will generally refrain from the exercise of its supervisory jurisdiction when an adequate remedy exists by appeal, particularly when an adequate remedy by appeal will exist upon the entry of the requisite precise, definite, and certain decretal language necessary for appellate review. *Simon*, 2018-0826 at p. 5, 274 So.3d at 14. Accordingly, we decline to exercise our discretion to convert this appeal of a defective judgment to an application for supervisory writs. See *Carter*, 2021-1173 at p. 5, 342 So.3d at 395.

## CONCLUSION

For the reasons set forth above, the appeal of the April 1, 2022 judgment is dismissed. Costs of this appeal are assessed to appellant, Tamara Kirkland.

**APPEAL DISMISSED.**