579 So.2d 452 (1991)
STATE of Louisiana
v.
Gary A. DESDUNES.
No. 90-KH-0932.
Supreme Court of Louisiana.
May 24, 1991.
PER CURIAM.
Writ Granted. Defendant's motion to correct his "illegally lenient" sentence for armed robbery (forty years at hard labor without mention of parole eligibility or ineligibility) was granted and he was resentenced to the same term of years without benefit of parole, probation, or suspension of sentence.
Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit or parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. Art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
Since correction of an "illegally lenient" sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
Since the record does not reflect such consideration by the resentencing judge in this case, the corrected sentence is vacated and the case is remanded to the district court for correction of the original sentence and resentencing in accordance with the considerations set forth above.
WATSON, J., dissents.