593 So.2d 1257 (1992)
STATE of Louisiana
v.
Robin L. HUSBAND.
No. 91-KK-2891.
Supreme Court of Louisiana.
January 31, 1992.
Rehearing Denied February 14, 1992.
PER CURIAM.
Relator was convicted of armed robbery in 1975 and was sentenced to fifty years, but the sentencing judge did not expressly state that the sentence was without benefit of parole. The sentencing judge no longer presides in that division of court.
In 1991 relator filed a motion to correct the illegally lenient sentence. Without ordering the district attorney to respond to the motion or scheduling an evidentiary hearing, the successor judge announced that since the record contained no indication of the sentencing judge's intent, she would make an independent finding and correct the sentence on her own. However, the successor judge delayed resentencing in order to allow the prosecutor time to seek review of her ruling.
In State v. Desdunes, 579 So.2d 452 (La. 1991), this court set out the proper considerations *1258 which a judge must evaluate in considering a motion to correct an illegally lenient sentence as follows:
[T]he record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
Thus, the Desdunes decision required the resentencing judge to attempt to ascertain the intent of the judge who imposed the original sentence, and both the prosecutor and the defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge, including circumstantial evidence of sentences imposed during that time frame by the sentencing judge in cases involving similar crimes committed by defendants with similar criminal histories. However, it is inappropriate to call the original sentencing judge as a witness to be questioned about his intent in imposing a particular sentence sixteen years earlier.
Because the successor judge is actually imposing the first legal sentence in the case, he or she should also consider the sentencing guidelines applicable to sentences imposed after January 31, 1992.
Accordingly, the application is granted, and the case is remanded to the district court for further proceedings consistent with the foregoing expressions.