THIBODEAUX, Judge.
The defendant pled guilty to attempted unauthorized entry into a place of business in violation of LSA-R.S. 14:27 and 14:62.4 and illegal possession of stolen things valued at $100.00 but less than $500.00 in violation of LSA-R.S. 14:69. The trial judge suspended the imposition of the sentences pursuant to La.C.Cr.P. art. 893 and placed the defendant on one year supervised probation. As a condition of probation, the defendant was ordered to serve four months in the parish jail. Before the expiration of his probationary period, the defendant was conyicted of two unrelated felonies. On motion of the State, the defendant’s probation was revoked. The defendant was sentenced to concurrent terms of one year at hard labor for the illegal possession of stolen things and three years at hard labor for attempted unauthorized entry to a place of business. These sentences were ordered to run consecutively to a ten year sentence previously imposed by another judge for the two unrelated felonies.
The defendant appeals and alleges that the trial court committed error by imposing excessive sentences and by not articulating the reasons for such sentences. Moreover, he alleges that the trial court erred in ordering the sentences to run consecutively with the previously imposed ten year sentence.
A review of the record for errors patent, La.C.Cr.P. art. 920, reveals that the trial judge imposed an illegal sentence on the conviction of attempted unauthorized entry into a place of business. The maximum sentence under LSA-R.S. 14:27 and 14:62.4 is three years which the trial court imposed. However, the defendant had already been ordered to serve four months as a condition of his probation. Therefore, this sentence must be set aside and the case remanded to the district court for re-sentencing on this conviction.
Moreover, the record reveals that the trial court did not adequately articulate the reasons for the imposition of its sentences on both charges. It only noted that “[probation obviously did not work in this case, and I’m not going to — he will be revoked, and I am going to resentence him.” Because of the failure to consider the sentencing guidelines under La.C.Cr.P. art. 894.1 at the time of the sentencing, July 8, 1991, the defendant’s sentences should be vacated and the case remanded for resentencing. The trial court shall consider the new sentencing guidelines. State v. Husband, 593 So.2d 1257 (La.1992).
Because we will remand this matter for resentencing for the reasons cited herein, Assignment of Error Number Two, i.e., *1217 whether the trial court abused its discretion in ordering the sentences to run consecutively to the ten year term defendant was serving, will not be addressed. The defendant may again urge error if, upon resentencing, he wishes to again appeal. All rights are reserved to him in this regard.
CONCLUSION
For the reasons given, defendant’s sentences are vacated. The case is remanded for resentencing on the two convictions.
SENTENCES VACATED; REMANDED.