PER CURIAM.
Defendant was sentenced on December 19, 1979, to 30 years imprisonment at hard labor “with good time” as a multiple offender under LSA-R.S. 15:529.1 after a conviction for aggravated burglary (LSA-R.S. 14:60). No offender sentenced under LSA-R.S. 15:529.1 for aggravated burglary committed after September 10, 1977, is eligible for good time. LSA-R.S. 15:571.3. On April 28, 1981, after defendant’s conviction was affirmed on appeal, State v. McQueen, 386 So.2d 364 (La.1980), the same judge, by ex parte order, amended the sentence to delete “with good time,” thereby correcting an illegally lenient sentence, but with the effect of imposing a more onerous sentence.
The trial court has the authority to correct an illegal sentence at any time, LSA-C.Cr.P. Art. 882, but where the conviction results in the imposition of a more onerous sentence after appeal, the record must reflect justification therefor so as to negate any inference of retaliation against the defendant for exercising his right of appeal, to show that the sentencing judge exercised sentencing discretion with awareness of the applicable law relating to the range and conditions of the sentence, and to reflect as nearly as possible the judge’s intent upon original sentencing. See State v. Husband, 593 So.2d 1257 (La.1992); State v. Desdunes, 579 So.2d 452 (La.1991).
Accordingly, the defendant’s sentence is vacated and this case is remanded to the district court for resentencing in accordance with the considerations set forth above.