KNOLL, Judge.
This criminal appeal addresses the resen-tencing of the defendant because the original sentence was illegally lenient.
Defendant, Patrick Dixon, was convicted by a jury in 1977 of armed robbery. Defendant, who had several prior felony convictions, was sentenced on August 10,1977, to 99 years at hard labor. At his original sentencing, the sentencing judge failed to note for the record that the sentence was imposed without benefit of parole, probation or suspension of sentence, as statutorily mandated by LSA-R.S. 14:64. His conviction and sentence were affirmed in a per curiam decision of the Louisiana Supreme Court. See 357 So.2d 805 (La.1978).
On October 27,1989,12 years after imposition of his original sentence, defendant filed a motion in the district court to correct the illegally lenient sentence. After conducting a contradictory hearing, the district court sentenced defendant to 45 years at hard labor without benefit of parole, probation or suspension of sentence. Defendant appeals, relying on one assignment of error. We affirm.
RESENTENCING
Defendant contends that the sentencing court erred in ascertaining the intent of the initial sentencing judge by following the version of LSA-R.S. 15:574.4(A) which was amended after defendant’s initial sentencing. Defendant’s argument on appeal is that the resentencing court erred in finding that defendant would not have been eligible for parole initially until two-thirds of his sentence had been served. He urges that under the pre-amendment version of LSA-R.S. 15:574.4(A) the maximum sentence he should have received was one-third of his original 99 year sentence.
Therefore defendant concludes that the imposition of a sentence in excess of 33 years was harsher than that intended by the original sentencing court. We disagree;
In State v. Desdunes, 579 So.2d 452 (La.1991), our Supreme Court stated:
“Upon motion of the state or the defendant, the sentencing court should correct an illegally lenient sentence by imposing a legal sentence of a term of years to be served without benefit of parole, probation, or suspension of sentence in accordance with the mandatory provisions of the criminal statute. LSA-R.S. 14:64; LSA-C.Cr.P. Art. 882; State v. Fraser, 484 So.2d 122 (La.1986).
Since correction of an ‘illegally lenient’ sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentenc-ing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.”
Commenting on the original sentencing choice, the resentencing court stated:
“It was a vicious, brutal crime committed by the defendant when he was much younger than he is now, and I think at *280 the time the Judge who sentenced him probably forgot to say without parole, and so forth, and I think at the time society was represented by the Court, you might say, was so enraged over the crime that the Judge saw fit to give him the maximum sentence.
******
At the time I don’t ... I can’t say that I blame the Judge, after reviewing the facts of the case, for the ninety-nine year sentence....”
We find that the resentencing court ascertained the intent of the original sentencing judge as required by State v. Desdunes, supra. Based on the statements of the resentencing court detailed hereinabove, it is clear that the resentencing court found that the original sentencing court determined that defendant should receive the maximum sentence because of the brutal facts surrounding the armed robbery.[1] At the time of defendant’s conviction, the maximum sentence which the court could have imposed was 99 years without benefit of parole, probation, or suspension of sentence. “If the intent of the judge who imposed the original term of years be served without benefit of parole, resentenc-ing to the same term of years without benefit of parole is appropriate.” State v. Desdunes, supra, at 452. Accordingly, we find that on the basis of the record before us, the resentencing court could have reimposed the 99 year sentence on defendant without benefit of parole, probation, or suspension of sentence.
Nevertheless, because of testimony of defendant’s reformation since his original incarceration, the resentencing court chose not to impose the maximum sentence. Instead, it imposed a 45 year sentence without benefit of parole, probation, or suspension of sentence based, in part, on amended LSA-R.S. 15:574.4(A).
LSA-R.S. 15:574.4(A) as it appeared at the time of defendant’s initial sentencing provided that persons otherwise eligible for parole became eligible upon serving one-third of their sentence regardless of the number of prior convictions they may have. As amended in 1981, a third felony offender did not become eligible for parole until two-thirds of the sentence had been served. States are prohibited from enacting any law which imposes a punishment for an act which was not punishable at the time it was committed, or imposes additional punishment to that prescribed when the crime was committed. Weaver v. Graham, 450 U.S. 24, 101 S.Ct. 960, 67 L.Ed.2d 17 (1981). Accordingly, it is clear that the resentenc-ing court improperly applied the amended version of LSA-R.S. 15:574.4(A) instead of that which was in effect in 1977.
Ultimately, the question presented to us is whether we should further reduce defendant’s sentence to conform with the proper version of LSA-R.S. 15:574.4(A) which was applicable at the time of defendant’s original sentencing. We think not. As noted hereinabove, the resentencing court could have imposed a 99 year sentence without benefit of parole, probation or suspension of sentence since it was the intent of the original sentencing court to mete out the maximum sentence statutorily provided. Accordingly, applying the analysis provided by the holding of Desdunes, defendant has benefitted from a lesser sentence than that intended by the original sentencing judge. Therefore, defendant cannot now be heard to complain that his sentence should be further reduced. The resentencing court’s improper reliance on the amended version of LSA-R.S. 15:574.- *281 4(A) has not prejudiced defendant since his 45 year sentence without benefit of parole, probation or suspension of sentence is far less than the 99 year sentence without benefit of parole, probation or suspension of sentence, which could have legally been reimposed by the resentencing court under State v. Desdunes, supra.
DECREE
For the foregoing reasons, defendant’s sentence is affirmed. Costs of this appeal are assessed to defendant.
AFFIRMED.

. Although this case was originally appealed in 1977, the facts of the crime were not detailed in the "per curiam affirmed" opinion rendered by the Louisiana Supreme Court. However, in brief the State details as follows: “The crime itself involved a brutal robbery in which the victim was lured into the second floor apartment of a young woman, where upon [sic] the defendant jumped him, cut him with a broken bottle and forced him to lick his own blood from the floor. The victim was robbed and the defendant and his accomplices divided the money among themselves."