PER CURIAM.
Granted in part; not considered in part. Relator's sentence is vacated and this case is remanded to the district court for resen-tencing in accord with the procedures outline in State v. Husband, 593 So.2d 1257 (La. 1992), and State v. Desdunes, 579 So.2d 452 (La.1991). After resentencing relator, *1270 the district court is directed to grant him an out-of-time appeal and to appoint counsel to handle the appeal if relator lacks the funds to hire his own attorney. See Lofton v. Whitley, 905 F.2d 885 (5th Cir.1990); State ex rel. Price v. Whitley, 608 So.2d 161 (La.1992); State v. Robinson, 590 So.2d 1185 (La.1992). In the event counsel is appointed and finds, after reviewing the record, no basis for assigning error on appeal, counsel may follow the procedure outlined in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). In light of this disposition, we do not reach the merits of relator’s other claims. LSA-C.Cr.P. art. 924.1.
ORTIQUE, J., not on panel.