GAUDIN, Judge.
This is an appeal by Lloyd Lee Williams, contending that the sentence imposed on him on June 26, 1992 in the 24th Judicial District Court was made without the trial judge considering appropriate 1992 sentencing guidelines. Also, Williams argues that the sentencing judge erred in testifying about his intent when an earlier sentence was handed down in 1982.
For the following reasons, we affirm Williams’ sentence. He was given 35 years at hard labor without parole, probation or suspension of sentence for violation of LSA-R.S. 14:64, armed robbery.
This was Williams’ third sentencing proceeding. Following his conviction by a jury on June 15, 1982, Williams was sentenced to 35 years at hard labor without any mention of parole, probation or suspension of sentence. Williams filed an appeal and this Court affirmed, State v. Williams, 449 So.2d 60 (La.App. 5 Cir.1984).
On September 24, 1990, Williams, in improper person, filed a motion to correct an illegally lenient sentence. Judge Ronald Loumiet, who had sentenced Williams in 1982, set the motion for an evidentiary hearing. On December 13, 1990, Judge Loumiet resentenced Williams to serve 35 years at hard labor without benefit or parole, probation or suspension of sentence. By writ to this Court, Williams challenged the sentence imposed at resentencing as more onerous than that originally imposed. This Court granted Williams’ writ and again remanded the matter for resentenc-ing.
On June 26, 1992, Williams was again resentenced to 35 years without benefit of parole, probation or suspension. From this sentence, Williams sought supervisory relief. This Court granted Williams’ writ and ordered an out-of-time appeal with benefit *362 of appointed counsel. This appeal was lodged on February 12, 1993 pursuant to the writ grant.
Williams was convicted for the February 25, 1981 armed robbery of a woman in a supermarket parking lot. As the victim, along with her two-year-old son, was approaching her automobile, Williams thrust a pistol in her face and demanded her purse. The woman testified that the gun barrel touched the skin of her face. Williams took the purse and fled. He was later apprehended and brought to trial.
When Williams was sentenced in 1982, he had two prior felony convictions and was therefore sentenced as a three-time felony offender; consequently, in accord with LSA-R.S. 15:574.4A(1), Williams was not eligible for parole without regard to any wording in the armed robbery statute restricting parole, probation or suspension of sentence. Nonetheless, considering Judge Loumiet’s statements at the 1982 sentencing concerning Williams’ criminal background and the serious nature of the offense committed in the supermarket parking lot, it is clear that Judge Loumiet did not intend any leniency.
On June 26, 1992, when Williams was sentenced in response to his motion to correct an illegally lenient sentence, Judge Loumiet stated:
“Alright, Mr. Lloyd Lee Williams, the record reveals that I have sentenced you previously and that I have resentenced you, and the matter has been sent back by the Fifth Circuit Court of Appeal for a resentencing.
“Following the guidelines in State v. Desdunes, 579 So.2d 452 [(La.1991)], in passing this sentence, I am aware of the sentencing guidelines I must follow, and particularly those enumerated in 894.1. I think there is an undue risk that during the period of suspended sentence or probation, you would commit another crime. I say that even though I recognize the fact that I have no discretion to suspend the sentence. I think there is no question that you are in need of correctional treatment in a custodial environment, and most of all that a lesser sentence would deprecate the seriousness of your crime.
“On the other hand, under Section ‘B’ of that statute, I’ve looked at all the mitigating Articles. I find specifically that none of them, namely to wit: One, Two, Three, Four, Five, Six, Seven, Eight, Nine, Ten, Eleven and Twelve, do not apply in this case. It was my intent when I originally sentenced you that you be sentenced to thirty-five years of hard labor, without the benefit of probation, parole or suspension of sentence. And I hereby resentence you to thirty-five years of hard labor in the custody of the Louisiana Department of Corrections for a period of thirty-five years without benefit of probation or parole or suspension of sentence. Alright.”
In State v. Desdunes, 579 So.2d 452 (La.1991), the Louisiana Supreme Court said:
“Since correction of an ‘illegally lenient’ sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentenc-ing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
“Since the record does not reflect such consideration by the resentencing judge in this case, the corrected sentence is vacated and the case is remanded to the *363 district court for correction of the original sentence and resentencing in accordance with the considerations set forth above.”
Under the 1992 Felony Sentencing Guidelines, the sentencing range under armed robbery for a class A offender, a three-time felon, is from 330 to 360 months. Although Williams’ sentence exceeds the recommended maximum by 60 months, we see no reason to order him resentenced by Judge Loumiet.
First of all, Williams did not receive a more severe sentence, a probability discussed in Desdunes. Williams received, in effect, the same sentence, as originally imposed. R.S. 15:574:4A(1), in part, says:
“A person convicted of a third or subsequent felony ... shall not be eligible for parole.”
Accordingly, although the 35-year sentence handed down in 1982 was silent with regard to parole, probation or suspension of sentence, Williams was nonetheless not statutorily eligible for any consideration of parole, etc.
While Judge Loumiet did not specifically refer to the Sentencing Guidelines when he resentenced Williams on June 26, 1992, it is quite evident that he intended no leniency — then or at any prior sentencing — and that he effectively spelled out valid reasons for a 35-year sentence (which is, incidentally, only two years more than ⅛ of the 99 years allowable for violation of R.S. 14:64).
Williams, citing State v. Husband, 593 So.2d 1257 (La.1992), contends that Judge Loumiet erred on June 26, 1992 in testifying about his earlier intent. In Husband, a new judge was sentencing the defendant 16 years after the first sentence was imposed by a judge no longer presiding in that division of the Orleans Criminal District Court. This differentiates Husband from Williams’ situation. Williams had the same judge three times.
In State v. Bernard, 617 So.2d 223 (La.App. 5 Cir.1993), the defendant was originally sentenced in 1983 and then resen-tenced by the same district court judge 10 years later. The defendant had asked to have an illegally lenient sentence corrected (as did Williams). This Court looked with favor on the judge expressing, at the resen-tencing, his intent when the first sentence was imposed.
There is nothing in Husband preventing a judge in Judge Loumiet’s position from expressing original intent; in fact, it seems appropriate that such intent be made part of the record if the resentencing judge was also the earlier sentencing judge.
Williams has been legally and fairly sentenced.
AFFIRMED.