JONES, Judge,
dissenting with written reasons.
The relator claims that he was denied the effective assistance of counsel at trial because the OIDP attorney who was appointed to handle his case did not meet with him until the morning of trial; and, therefore, his attorney was unprepared to adequately defend the case. The trial court, in denying the relators claim, stated that it remembered that the state had “a very strong case” against the defendant and that the defendant was represented by competent counsel. However, the trial court’s recollection of this case is hazy at best. A reading of the transcript of a motion heard the day before trial reveals that relator’s counsel was not aware of the date of the offense or of the location of the offense. During that hearing, the trial court chastised relator’s counsel for his failure to file any written motions and for his failure to incorporate motions filed in another case into the armed robbery case which was being tried. Relator’s counsel had apparently filed a bill of particulars in another case involving the relator and thought that the state’s answer to those questions also applied to the present case. Because relator’s counsel did not file a written bill of particulars, he was not apprised before trial of any of the details of the charges pending against his client even though his client was facing 198 years in prison without parole.
Relator’s counsel testified that he met with the defendant on “several occasions when the matter was continued”, although the record reveals that the case was continued only once — from August 13, 1984 to August 14, 1984. Relator’s counsel was unable to refer to any notes indicating that an OIDP investigator had met with the defendant prior to trial. Counsel for relator did not call any witnesses on behalf of the defendant. A review of the trial transcript indicates that while relator’s counsel adequately cross-examined some of the state witnesses, it is evident that he was not familiar with the details of the present offense. His cross-examination of state witnesses involved general questions about their expertise or general questions about the method of the police investigations. These questions could have been asked of any police officer or of any criminologist in any case. Very few questions were asked by defense counsel of the crucial state witnesses, Mr. Stewart Clark, Ms. Rosemary Chancy, and Mr. Dennis Scolp.
It is my opinion that the defendant in the present case was “constructively denied counsel” when he was represented by an attorney who had virtually no knowledge of the case before proceeding to trial when his client was facing 198 years in prison without benefit of parole. There is no difference between a defendant represented by counsel appointed the morning of trial *858 (State v. Knight, 611 So.2d 1381 (La.1993)), and the present case where counsel, although appointed forty-two days earlier when the defendant was charged, meets with his client for the first time the morning the case is set for trial, and apparently is unaware of any facts of the case. I would grant the writ, reverse the trial court’s ruling, and reverse defendant’s convictions and sentences. I would remand the case to the trial court for further proceedings.
The defendant also argues in his application for post-conviction relief that the trial court erred by imposing a harsher sentence after granting the motion to correct an illegal sentence. The Louisiana Supreme Court enunciated the sentencing options available to the trial court when a sentence for armed robbery is imposed without mentioning the denial of parole eligibility. State v. Desdunes, 579 So.2d 452 (La.1991). In State v. Husband, 593 So.2d 1257 (La.1992), the court held that both the prosecutor and the defendant should be given the opportunity to present evidence in argument regarding the intent of the original sentencing judge. The court also found that the resentencing judge should consider the guidelines that are in effect at the time of their sentencing.
In the present case, a review of the sentencing transcript from February 14, 1992, reveals that the trial court did not consider the intent of the original sentencing judge in this case, nor did the judge consider the new felony sentencing guidelines which became effective January 31, 1992. In the absence of a reversal, I would vacate the defendant’s sentence and remand the case for resentencing.