ARMSTRONG, Judge.
On December 29, 1978, the defendant was charged with three counts of armed robbery, violations of LSA-R.S. 14:64. On February 6, 1979, counts one and two were severed. On April 19, 1979, the defendant was found guilty as charged as to count three. On May 25, 1979 he was sentenced to serve seventy-five years at hard labor.
On July 12, 1979, the defendant was found guilty as to count one. He was sentenced on July 17, 1979 to serve seventy-five years at hard labor to run concurrently with the sentence imposed on count three.
Both convictions and sentences were affirmed by the Louisiana Supreme Court on appeal. State v. Ronald Bell, 384 So.2d 384 (La.1980).
On March 19, 1980, the defendant pled guilty to count two and was sentenced to serve five years at hard labor. The sentence is to run concurrently with those sentences imposed in counts one and three.
The defendant subsequently filed a motion to correct an illegal sentence contending that the sentence imposed on May 25, 1979 as to count three was illegally lenient in that the trial court failed to stipulate that it be served without the benefit of parole. Following a hearing on December 30,1992, the defendant was resentenced to serve seventy-five years at hard labor, without the benefit of parole. The defendant then filed a motion to reconsider the sentence. The motion was denied on January 26, 1993. Upon denying the defendant’s motion to reconsider the sentence, the trial court held that: “[a]n application for post conviction relief shall not be entertained if the petitioner may appeal the conviction and sentence which he seeks to challenge.” On March 11, 1993 the trial court granted the defendant’s motion for appeal.[1]

STATEMENT OF THE FACTS

Since the defendant contests only the re-sentencing, a recitation of the facts of the case is unnecessary.
Errors Patent
A review of the record for errors patent reveals none.
Assignment of Error Number One
The defendant argues that it is error for a resentencing judge to impose a greater sentence than originally imposed without justification in the record to justify the enhanced sentence. The defendant was originally sentenced to serve seventy-five years at hard labor. Pursuant to the defendant’s mo *1320 tion to correct an illegally lenient sentence, the trial court resentenced the defendant to serve seventy-five years at hard labor without the benefit of probation, parole or suspension of sentence.
The Louisiana Supreme Court recently addressed motions to correct an illegally lenient sentence. See State ex rel Jackson v. Smith, 578 So.2d 1150 (La.1991); State v. Washington, 578 So.2d 1150 (La.1991); State v. Desdunes, 579 So.2d 452 (La.1991). In Jackson, Washington, and Desdunes, the Court enunciated what sentencing options are open to the trial court at resentencing, and what the record must reflect to support the action chosen:
[T]he record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentenc-ing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the re-sentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.

State ex rel Jackson v. Smith, supra.

Last year, in State v. Husband, 593 So.2d 1257 (La.1992), the Court addressed the cases cited above. In Husband, the Court upheld the finding in Desdunes, that both the prosecutor and the defendant should be given the opportunity to present evidence and argument regarding the intent of the original sentencing judge. The Court also found that the resentencing judge should consider the guidelines that are in effect at the time of the resentencing.
In the instant case, the court held a hearing allowing both the prosecutor and the defendant an opportunity to present evidence and argument regarding the intent of the original sentencing judge. At that hearing, the court stated the following:
This Court is cognizant of what his Hon- or, Judge Oliver Paul Schulingkamp, intended when he sentenced the captioned individual in this motion, Mr. Ronald Bell, for armed robbery. The Court feels that Judge Schulingkamp’s intent was clearly to do so without benefit of any parole consideration. The Court feels that the failure of Judge Schulingkamp to state that prohibition at the time he imposed sentence was clearly an oversight on his part. It was in fact, a good faith error.
The Court bases this conclusion on my long association with the judge as a practicing attorney before him from 1974 until 1981.
Additionally, and even more importantly, the Court refers to a transcript of sentencing in an unrelated case, a copy of which is going to be made part of the record in your case, the State of Louisiana versus Wilbert Brass, case number 266-741. His Honor, Judge Schulingkamp, on February 22, 1979, clearly alluded to just three months before your sentence was imposed in May of that same year, he clearly alluded to and made reference to the fact that he understood any sentence for armed robbery would be without benefit of parole.
Here, the resentencing judge not only looked to the intent of the original sentencing judge, but he also ordered, and stated that he had considered, a pre-sentence investigation report. Further, the resentencing judge referred to the factual basis used by the original sentencing judge:
The facts of the case as the Judge appreciated them are reflected in the sentencing transcript. According to the Judge as he stood ready to impose sentence and did impose sentence, he said that the gentleman was young. He was 20. But the Court found upon examination had, [sic] as the Court described it, an inordinately long juvenile record. It is a bad juvenile record. The Judge said that, Judge Schulingkamp. [sic] Judge Schu- *1321 lingkamp further found the facts showed that there was violence both in the commission of the crime, along with the dangerous weapon, necessitating the victim to throw himself out of an automobile at a considerable risk to himself and others. During the apprehension, this defendant persisted in his violent conduct by participating in a gun battle with the police officers trying to apprehend him. The Judge says or said at that time, “My recollection says some 12 shots were fired, some two weapons emptied by this defendant in that case.” It was for all of those reasons that the Judge imposed the sentence that I have just reimposed without benefit of parole, probation of [sic] suspension of sentence.
The defendant argues that the court erred in resentencing the defendant to a sentence which is more harsh than the one originally imposed. However, the defendant relies on the case of State v. Soco, 508 So.2d 915 (La.App. 4th Cir.1987). In Soco, this Court held that a resentencing of the defendant to a term of imprisonment which increased the number of years to be served before parole eligibility was error. The Soco case came from this Court and pre-dates Jackson, supra, Washington, supra, Desdunes, supra, and Husband, supra.
The trial court followed the most recent line of cases from the Louisiana Supreme Court which specifically allow a resentencing of a defendant to the same number of years without the benefit of parole when it has been determined that such was intent of the original sentencing judge. We find no error in the resentencing of this defendant to the same term of years without the benefit of parole.
Assignment of Error Number Two
The defendant argues that the trial court erred in its determination of the intent of the original sentencing judge. The defendant argues that the resentencing judge found nothing in the transcript of the original sentencing which indicated that intent of the original sentencing judge was to sentence the defendant without the benefit of parole. The defendant further argues that it was error to use the transcript of the original sentencing because its use deprived the defendant of the right to cross examine the original sentencing judge. We disagree.
The defendant, and his counsel, were present for the resentencing as required by Husband, supra. The presence of a defendant is required to allow a defendant the opportunity to refute any findings of fact by the trial judge regarding the intent of the original sentencing judge. Here, no evidence was presented at that hearing to contradict the trial judge’s findings about the intent of the sentencing judge. We find no jurisprudence to support the defendant’s assertion that it was error for the resentencing court to use the transcript of the original sentencing, or the transcript from any other case, to determine the intent of the original sentencing judge.
This claim is without merit.
For the foregoing reasons defendant’s sentence is affirmed.
AFFIRMED.
JONES, J., dissents with reasons.

. The defendant filed writ 93-K-0389 with this Court requesting a review of the trial court's denial of the motion to reconsider. On April 22, 1993 this Court denied that writ as premature because the issue could be raised on appeal.