634 So.2d 881 (1993)
STATE of Louisiana
v.
Joseph E. SCOTT.
No. KA 93 0494.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
*882 Doug Moreau, Dist. Atty., Baton Rouge, by Kay Howell, Asst. Dist. Atty., for State of La., appellee.
Public Defender, Baton Rouge, for defendant-appellant.
Before EDWARDS, CRAIN and LEBLANC, JJ.
EDWARDS, Judge.
Defendant, Joseph E. Scott, was charged by bill of information with attempted armed robbery, a violation of LSA-R.S. 14:27 and 14:64. Under a plea bargain, he entered a plea of guilty in exchange for the state's agreement not to charge him as a habitual felony offender and to dismiss an unrelated burglary charge. The trial court imposed a sentence of thirty years at hard labor with credit for time served. Defendant appealed his sentence on the ground of excessiveness.
In an unpublished opinion, this court affirmed the conviction and sentence. See State v. Scott, 536 So.2d 842 (La.App. 1st Cir.1988). Subsequently, defendant filed an application for post-conviction relief in which he sought correction of his illegally lenient sentence.[1] The trial court denied the application. Defendant applied for supervisory writs (No. KW 92 1842) with this court. We granted the writ application, ordering the trial court to reconsider defendant's application for post-conviction relief as a motion to correct an illegal sentence. Upon reconsideration, the trial court granted defendant's application and set the matter for resentencing pursuant to State v. Desdunes, 579 So.2d 452 (La.1991).
At a November 13, 1992 sentencing hearing at which defendant was represented by court appointed counsel, the trial court resentenced defendant to thirty years at hard labor with credit for time served and without benefit of parole, probation and suspension of sentence. Defendant now appeals, urging in a single assignment of error that the trial court erred by imposing an illegal and excessive sentence and by failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1.

ASSIGNMENT OF ERROR
In his sole assignment of error, defendant argues that the trial court erred by imposing an excessive sentence and failing to comply with the sentencing guidelines of LSA-C.Cr.P. art. 894.1. Defendant filed a motion for reconsideration of the sentence, arguing only that it was excessive. In State v. Mims, 619 So.2d 1059 (La.1993) (per curiam), the Louisiana Supreme Court held that (under LSA-C.Cr.P. art. 881.1 which requires a defendant's motion for reconsideration to set forth the "specific grounds" upon which the motion is based in order to raise an objection to the sentence on appeal) a defendant, who urges excessiveness of sentence as a ground in a motion to reconsider sentence, need not allege any specific ground other than excessiveness of sentence in order to preserve appellate consideration of a bare claim of constitutional excessiveness. However, under the clear wording of LSA-C.Cr.P. art. 881.1D,[2] even if a defendant has successfully preserved a bare claim of constitutional excessiveness by raising excessiveness as the only ground for his motion, the defendant is precluded from raising any other "ground not raised in the motion on appeal or review." LSA-C.Cr.P. art. 881.1D. See also State v. Mims, 619 So.2d at 1060 (in which the supreme court noted aptly that article 881.1 "only precludes the defendant from presenting arguments to the court of appeal which were not presented to the trial court at a point in the proceedings when the trial court was in a position to correct the deficiency"). Consequently, in this case, defendant has preserved for review only the *883 bare claim of constitutional excessiveness; and his other argument asserting the failure to comply with the new sentencing guidelines is not properly before this court for review. We now focus on defendant's bare claim of constitutional excessiveness.
In State v. Husband, 593 So.2d 1257 (La. 1992) (per curiam), and State v. Desdunes, 579 So.2d 452 (La.1991) (per curiam), the Louisiana Supreme Court set forth the requisite considerations for correcting an illegally lenient sentence as follows:
[T]he record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.
State v. Husband, 593 So.2d at 1258 (quoting State v. Desdunes, 579 So.2d at 452).
Thus, the jurisprudence requires that the resentencing judge attempt to ascertain the intent of the judge who imposed the original sentence; and both the prosecutor and defendant should be allowed an opportunity to present evidence and argument regarding the intent of the original sentencing judge, including circumstantial evidence of sentences imposed during the pertinent time frame by the original sentencing judge in cases involving similar crimes committed by defendants with similar criminal histories. See State v. Husband, 593 So.2d at 1258. Additionally, because the district court actually is imposing the first legal sentence in this case, the court also should consider the sentencing guidelines applicable to sentences imposed after January 31, 1992. State v. Husband, 593 So.2d at 1258.
The trial court, which was the same court that had imposed the original sentence, articulated the following reasons for sentence at the resentencing hearing:
Apparently in 1987 when I originally sentenced you, I failed to state some of the qualifying conditions, which was an oversight on my part. I have read through your file again, and since I was the original sentencing judge, I don't have to try to guess what some other judge was intending. I know what I intended to do. At the time that you were first sentenced, you were not employed, you had a significant criminal record. You were catagorized (sic) as at least a third offender, the very least. You've been arrested for attempted murder, aggravated assault, battery, and you admitted to having a drug problem at the time. At that time you had been arrested for eighteen felonies. Seven of those were for crimes against a person. And I feel my intent at that time was as is now, and that is to sentence you to thirty years, Department of Corrections. You're given credit for any time served. That sentence is to be served without benefit of probation, parole or suspension of sentence.
While we are aware that the Louisiana Supreme Court stated in State v. Husband that the sentencing court should consider the new sentencing guidelines in reimposing sentence, we feel that under the circumstances present herein (i.e., when the sentencing court correctly determines that the intent of the original sentencing court was to impose a sentence of the same length without benefits) it was not the supreme court's intention that the new sentencing guidelines should be considered by the sentencing court. Herein, the trial court did not refer to the new sentencing guidelines. Even assuming arguendo that the new sentencing guidelines should have been considered, we find no abuse of discretion by the trial court in imposing the instant sentence. The record supports this sentence, which we find was imposed in accordance with the guidelines stated in Husband *884 and Desdunes. Furthermore, contrary to defendant's assertion, correction of defendant's sentence to reflect that it runs without parole eligibility does not support a presumption of vindictiveness under North Carolina v. Pearce, 395 U.S. 711, 89 S.Ct. 2072, 23 L.Ed.2d 656 (1969), overruled in part by Alabama v. Smith, 490 U.S. 794, 109 S.Ct. 2201, 104 L.Ed.2d 865 (1989). See State ex rel. Lee v. Whitley, 605 So.2d 1112 (La.1992). Accordingly, the sentence is not excessive and defendant's assignment is meritless.
SENTENCE AFFIRMED.
NOTES
[1] The basis for this application was the trial court's failure to qualify the sentence to be served with or without benefit of parole, probation or suspension of sentence.
[2] LSA-C.Cr.P. art. 881.1D provides as follows:

D. Failure to make or file a motion to reconsider sentence or to include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, shall preclude the state or the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review.