BARRY, Judge.
The defendant was convicted of two counts of armed robbery and sentenced to fifty years at hard labor on each count to run concurrently. The convictions and sentences were affirmed. State v. Parker, 359 So.2d 986 (La.1978). The defendant’s motion to correct an illegally lenient sentence was granted, the original sentence vacated, and he was resentenced to fifty years at hard labor without benefit of parole, probation or suspension of sentence on each count to run concurrently.
The defendant assigns as error in his pro se brief:
1) That the resentencing judge imposed a greater sentence by adding without benefit of parole to the sentence;
*398 2) That the resentencing judge went beyond the original transcript to determine the original judge’s intent.
In State v. Desdunes, 579 So.2d 452, 452 (La.1991), the Supreme Court set out considerations that a judge must utilize to determine whether to grant a motion to correct an illegally lenient sentence:
[T]he record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate.
The resentencing judge is to attempt to ascertain the intent of the judge who imposed the original sentence; however, the original sentencing judge may not be called as a witness. Both the State and defendant should have the opportunity to present evidence regarding that intent including circumstantial evidence of sentences imposed during the same time in eases involving similar crimes and defendants with similar criminal histories. State v. Husband, 593 So.2d 1257 (La.1992).
At resentencing defense counsel argued that the defendant only had misdemeanors in his record and no one was injured during the robberies. Therefore, counsel argued that the original sentencing judge intentionally did not add the “without benefit of probation or parole” language which he knew was required under the law at the time.
The resentencing judge concluded that the original sentencing judge was aware that the language was required and “inadvertently overlooked” adding the “without benefit ...” conditions. It was a “good faith oversight.” In his per curiam the resentencing judge stated that his conclusion was based on his association with the original sentencing judge while he was a practicing attorney from 1974 to 1981. He referred to the sentencing transcript in another armed robbery (attached to the per curiam) in which the original judge declared that he understood that any sentence for armed robbery had to be imposed without benefit of parole. Husband allows evidence of similar sentences in similar cases during the time period of the original sentence. We find no error.
The resentence is affirmed.

AFFIRMED.