WALTZER, Judge.

STATEMENT OF THE CASE

The defendant-appellants, Anthony Celius (Celius) and Wayne Carr (Carr), were charged by bill of information with three counts of armed robbery, violations of LSA-R.S. 14:64. The defendants entered pleas of not guilty on June 26, 1987. Count one was severed from counts two and three, and trial was held on the last two counts on September 7, 1988. A twelve-member jury found both defendants guilty as charged on both counts. On October 19, 1988, Carr was sentenced to serve twenty-five years at hard labor without the benefit of parole, probation, or suspension of sentence on each count to run concurrently. On October 24,1988, Celi-us was found to be a second offender under a multiple bill filed by the State. On February 21, 1989, the trial court specified that Celius was a second offender on count two only. The court then sentenced him on count two to thirty-three years at hard labor and on count three to twenty-five years at hard labor. On January 17, 1991, the trial court amended the minute entry of February 21, 1989, to reflect that the sentences imposed upon Celius were to be served without the benefit of probation, parole, or suspension of sentence.
Both defendants took out-of-time appeals from their convictions and sentences. Those appeals were limited to a review of the record for errors patent. This Court affirmed. State v. Celius and Carr, unpub. (89-KA-1307, La.App. 4th Cir. May 15, 1990). On February 18, 1992, the trial court reinstated the appeal based on an application for post conviction relief alleging the constructive denial of the assistance of counsel on appeal.[1] The record was lodged in this Court on July 2, 1992; however, it reflected that the same counsel who filed the brief originally was still counsel of record. This Court subsequently ordered that counsel other than OIDP be appointed to represent the defendants.
Celius contends that the trial court incorrectly amended Celius’ original sentence to prohibit parole, probation or suspension of sentence; further, Celius was absent and *1336 unrepresented at the time of this amendment. Celius assigns as error that he was identified pursuant to an impermissibly suggestive identification procedure. Carr contends that the jury in his case was improperly charged as to the definition of reasonable doubt.
We find no error in the convictions of Carr and Celius and affirm. The sentences imposed on Carr are likewise affirmed. The sentences imposed on Celius are vacated because the record does not demonstrate that his original sentences were amended pursuant to evaluations required by the Louisiana Supreme Court in State v. Husband, 593 So.2d 1257 (La.1992), rehearing denied 594 So.2d 1305 (La.1992) and State v. Desdunes, 579 So.2d 452 (La.1991).

STATEMENT OF THE FACTS

On April 27, 1987 at approximately 6:40 p.m., two men, later identified as Carr and Celius, walked toward Connie Corll, Barry Howell and Chris Ritthaler in the 100 block of Orleans Avenue. As the two men passed, Celius grabbed Howell by the arm, put a gun to his back and said, “Give me your wallet.” Carr grabbed Ritthaler. Howell handed his wallet to Celius, and Ritthaler handed his watch and wallet to Carr.
Corll watched the robbery of Howell and ran into a nearby bar where she yelled for the bartender to call the police. After the bartender called the police, Corll exited the bar, saw a crowd gathered at the location of the robbery, and saw the perpetrators- running away. Howell and Ritthaler began chasing the suspects, and both men and Corll saw the perpetrators enter a black van and drive off. A police car arrived only minutes later but a search of the area for the van and robbers was unsuccessful.
On April 30, 1987, at approximately 11:55 p.m., Joseph Bennett was walking in the 1000 block of Dumaine Street when he was approached by three men, two of whom were Carr and Celius. The perpetrators took Bennett’s wallet and a D.H. Holmes bag containing a wig. The three men fled on foot. Bennett went to a nearby phone and called the police.
Officers Randy Varuso and Ray Vickers were travelling on Rampart Street near Du-maine on April 30,1987, when they saw three men running quickly. The officers became suspicious and saw the three men enter a black van and drive off. The officers then followed the van and saw a wallet thrown from the passenger side of the van. The officers radioed for assistance, and another police car helped in the chase. The van was stopped in the 1200 block of St. Louis Street. Officer Bruce Little, who had assisted in the chase, saw a gun drop from the passenger side of the van. Carr was the driver of the van; Celius, James Mitchell and three other people were present in the van. The armed robbery victim Bennett was taken to the scene where the van had been stopped. At that time he identified Carr, Celius and Mitchell as the persons who robbed him. The police recovered property belonging to Bennett from the van; they also located the victim’s D.H. Holmes bag on a nearby street.
On May 5, 1985, a physical line-up was conducted of Carr and Celius. Corll, Howell and Ritthaler participated in this line-up. All three identified the defendants as the men who perpetrated the armed robbery of Howell and Ritthaler. They identified Celius as the robber who held the gun.

ERRORS PATENT

Counsel for appellants requested only a review of the record for errors patent. Counsel complied with the procedures outlined by Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), as interpreted by this Court in State v. Benjamin, 573 So.2d 528 (La.App. 4th Cir.1990). Counsel’s detailed review of the procedural history of the case and the facts of the case indicate a thorough review of the record.
Counsel moved to withdraw because after a conscientious review of the record, he believes that there are no non-frivolous issues to be raised on appeal. Counsel reviewed all available transcripts and found no trial court *1337 rulings which arguably support the appeal. A copy of the brief was forwarded to the appellants, and this Court informed each defendant that he had the right to file a brief on his own behalf. Celius has done so, raising three assignments of error.
Wayne Carr has not filed a pro se brief. However, he indicated that he would do so, and this Court forwarded a complete copy of the appellate record for his use. That record has been returned. Carr filed a motion for enforcement alleging that he has not been furnished a copy of the jury instruction transcript.
The judge charged the jury concerning the definition of reasonable doubt:
“A reasonable doubt is not a mere possible doubt. It should be an actual or substantial doubt, such a doubt as a reasonable person would seriously entertain. It is a serious doubt for which you could give a good reason.”
In Cage v. Louisiana, 498 U.S. 39, 111 S.Ct. 328,112 L.Ed.2d 339 (1990), the United States Supreme Court held:
“[The charge] equated a reasonable doubt with a ‘grave uncertainty’ and an ‘actual substantial doubt,’ and stated that what was required was a ‘moral certainty’ that the defendant was guilty. It is plain to us that the words ‘substantial’ and ‘grave,’ as they are commonly understood, suggest a higher degree of doubt than is required for acquittal under the reasonable doubt standard. When those statements are then considered with the reference to ‘moral certainty,’ rather than evidentiary certainty, it becomes clear that a reasonable juror could have interpreted the instruction to allow a finding of guilt based on a degree of proof below that required by the Due Process Clause.” 498 U.S. at 41, 111 S.Ct. at 329-330.
In the instant case, the trial judge used the term “actual or substantial doubt,” and a “serious doubt” but did not add the “grave uncertainty” and “moral certainty” language found objectionable in Cage. In State v. Harris, 624 So.2d 443, 448 (La.App. 4th Cir. 1993), this Court held that a jury charge containing the language “grave uncertainty” without the reference to “moral certainty” created only harmless error. In Victor v. Nebraska, — U.S.-, 114 S.Ct. 1239, 127 L.Ed.2d 583 (1994), the United States Supreme Court upheld a reasonable doubt charge referring both to “an abiding conviction to a moral certainty of the guilt of the accused” and to reasonable doubt as “an actual and substantial doubt arising from the evidence.” The Supreme Court did not find the charge taken as a whole to be constitutionally defective, and distinguished the case from its earlier holding in Cage:
“Any ambiguity, however, is removed by reading the phrase in the context of the sentence in which it appears: ‘A reasonable doubt is an actual and substantial doubt ... as distinguished from a doubt arising from mere possibility, from bare imagination, or from fanciful conjecture.’ ... This explicit distinction between a substantial doubt and a fanciful conjecture was not present in the Cage instruc-tion_ [W]e did not hold that the reference to substantial doubt alone was sufficient to render the instruction unconstitutional .... Rather, we were concerned that the jury would interpret the term ‘substantial doubt’ in parallel with the preceding reference to ‘grave uncertainty,’ leading to an overstatement of the doubt necessary to acquit.” — U.S. at -, 114 S.Ct. at 1250.
The Supreme Court found the ultimate inquiry to be whether there was “no reasonable likelihood that the jurors understood the reference to moral certainty to allow conviction on a standard insufficient to satisfy Win-ship [2], or to allow conviction on factors other than the government’s proof.” Victor, supra, _ U.S. at _, 114 S.Ct. at 1251.
*1338 The jury charge in the case at bar referred only to “substantial” doubt. Without the additional objectionable language, the charge constitutes at most harmless error.
In addition, counsel for defendants made no contemporaneous objection to the trial court’s charge to the jury. It is presently the law in this Circuit that this Court will not review a jury charge absent a contemporaneous objection. See, State v. Dobson, 578 So.2d 538 (La.App. 4th Cir.1991), writ denied 588 So.2d 1110 (La.1991); State v. Berniard, 625 So.2d 217 (La.App. 4th Cir.1993), on rehearing granted by the Court en banc, 625 So.2d 220 (La.App. 4th Cir.1993).
A thorough review of all the pleadings filed in the district court, all minute entries of the district court proceedings, the bill of information and all transcripts contained in the appeal record has been performed. The defendants were properly charged by bill of information with violations of LSA-R.S. 14:64, and the bill was signed by an assistant district attorney. The defendants were present and represented by counsel at arraignment, all hearings, trial, and sentencing, except as discussed under the third pro se assignment of error filed by Celius. The State proved every element of armed robbery beyond a reasonable doubt. This independent review reveals no non-frivolous issues, and a review of all transcripts contained in the appeal record reveals no trial court ruling which arguably supports the appeal. Appellants’ counsel’s motion to withdraw should be granted.

PRO SE ASSIGNMENTS OF ERROR NUMBERS 1 AND 3

Celius assigns three errors. The first and third assignments pertain to the trial court’s amendment of his sentences to prohibit parole, probation, or suspension of sentence.
At the original sentencing, the trial court failed to state that the defendant’s sentence was to be served without the benefit of parole, probation, or suspension of sentence as required by LSA-R.S. 14:64. Celius filed an application for post-conviction relief raising the issue of an illegally lenient sentence. On January 17,1991, the trial court amended the minute entry of February 21, 1989, to reflect that the sentence is without benefit of probation, parole, or suspension of sentence. Celi-us first argues that the amendment of his sentence resulted in a harsher sentence and that there is no justification for the increase.
In State ex rel Jackson v. Smith, 578 So.2d 1150 (La.1991); State v. Washington, 578 So.2d 1150 (La.1991); and State v. Desdunes, supra, the Louisiana Supreme Court enunciated the proper considerations which a judge must evaluate in considering a motion to correct an illegally lenient sentence:
“Since correction of an ‘illegally lenient’ sentence will usually result in a harsher sentence than that originally imposed as regards parole eligibility, upon correction of such a sentence the record should reflect consideration by the resentencing judge of the intent of the judge who imposed the original sentence, whether it be the same judge or another judge. If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resen-tencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow parole eligibility, then the resentencing judge may impose a sentence of a lesser term of years without benefit of parole to reflect that intent. If the intent of the judge who imposed the original sentence cannot be determined, then the resentencing judge should make an independent determination of an appropriate sentence, not to exceed the term of years originally imposed, to be served without benefit of parole.” State v. Des-dunes, supra, at 452.
In State v. Husband, supra, the Louisiana Supreme Court per curiam addressed this issue. In Husband, the Court upheld the finding in Desdunes, and required that both the prosecutor and the defendant should be given the opportunity to present evidence *1339 and argument drawn from sentences imposed by the original sentencing judge in cases involving similar crimes committed by defendants with similar criminal histories. The Court also found that because the successor judge actually is imposing the first legal sentence in the case, she or he should consider the guidelines that are in effect at the time of the resentencing.
A review of the sentencing trial transcript shows that the court did not originally impose a legal sentence on the defendant. The trial court did not comply with the requirements of State v. Husband, supra, when it amended Celius’ original sentence. Therefore, the sentences imposed upon defendant Celius should be vacated, and the trial court should be ordered to resentence the defendant in accordance with the Desdunes and Husband decisions.
The appellant’s third assignment of error is that he was denied the assistance of counsel at the “resentencing” held on January 17, 1991, the date the trial court amended the earlier minute entry of sentencing. He also contends that the trial court committed error because the defendant was not present at this “resentencing”. In light of the fact that the defendant will be resentenced, this assignment of error is moot.

ASSIGNMENT OF ERROR NUMBER 2

In his second assignment of error, Celius contends that an impermissibly suggestive identification procedure was used in connection with Joseph Bennett’s out-of-court identification, thus tainting his identification of Celius at trial. Reliability is the “linchpin” of such identifications. Manson v. Brathwaite, 432 U.S. 98, 114, 97 S.Ct. 2243, 2253, 53 L.Ed.2d 140 (1977). If it is determined that the identification was suggestive, the court must look to five factors to determine whether the identification was unreliable. These are set out in State v. West, 582 So.2d 889, 890 (La.App. 4th Cir.1991), citing Manson v. Brathwaite, supra:
1) the opportunity of the witness to view the assailant at the time of the crime;
2) the witness’ degree of attention;
3) the accuracy of the witness’ prior description of the assailant;
4) the level of certainty demonstrated by the witness; and
5) the length of time elapsed between the crime and the confrontation. See also, Neil v. Biggers, 409 U.S. 188, 93 S.Ct. 375, 34 L.Ed.2d 401 (1972).
In challenging the constitutionality of an out-of-court identification procedure and, hence, its admissibility in court, “the defendant must prove that the identification was suggestive and that a likelihood of misidenti-fieation resulted from the identification procedure.” State v. Walters, 582 So.2d 317, 321 (La.App. 4th Cir.1991), writ denied, 584 So.2d 1171 (La.1991) (citations omitted).
The defendants in the present case were identified by victim Bennett in a “one-on-one” encounter which occurred only a short time after the crime. One-on-one identifications have long been upheld by this Court and by the Louisiana Supreme Court in situations where the identifications were made within a short time after the crime occurred and were made either near or at the scene of the crime or via an inadvertent meeting between the defendant and the victim. See, for example, State v. Walters, supra; State v. Peters, 553 So.2d 1026, 1027 (La.App. 4th Cir.1989). Such prompt confrontation between the defendant and the victim promotes fairness by assuring the reliability of the identification (while the victim’s memory is fresh) and the expeditious release of innocent suspects. See, State v. Muntz, 534 So.2d 1317, 1320 (La.App. 4th Cir.1988); State v. Jackson, 517 So.2d 366, 368 (La.App. 5th Cir.1987); State v. Robinson, 404 So.2d 907, 909 (La.1981).
The defendants were apprehended a short distance from the scene of the armed robbery. Approximately ten minutes later, Bennett was transported to the location of the three defendants, who were standing up against a van, handcuffed. Bennett was able to identify all three defendants because of their hair and clothes and because they were *1340 standing in the same order as at the time of the robbery.
The present ease is typical of one-on-one identifications. For example in State v. Valentine, 570 So.2d 533, 535-538 (La.App. 4th Cir.1990), a restaurant was robbed in the middle of the night by a man wearing a ski mask. The victims called the police and the defendant was apprehended shortly thereafter, only two blocks from the scene of the robbery. The police officer took the defendant to the scene to be identified by the two victims. The victims separately viewed the defendant who was seated in the back of the car. This Court upheld the identification of the defendant because there was no showing of unreliability or suggestiveness. See also State v. Johnson, 619 So.2d 1102, 1106-1107 (La.App. 4th Cir.1993) writ denied 625 So.2d 173 (La.1993); State v. Smith, 577 So.2d 313, 315-316 (La.App. 4th Cir.1991); State v. Cryer, 564 So.2d 1328, 1329-1330 (La.App. 4th Cir.1990); State v. Amos, 550 So.2d 272, 275 (La.App. 4th Cir.1989); State v. Loyd, 425 So.2d 710, 713 (La.1982); State v. Bick-ham, 404 So.2d 929, 934 (La.1981)
We find that Celius has not shown that the identification procedure was suggestive. We also find that Celius has not shown that the procedure gave rise to a substantial likelihood of misidentification.
At the hearing on the motion to suppress, Bennett testified that while he didn’t really see the faces of the robbers clearly, he “made sure I saw the gun and the clothes that they were wearing”. The identification occurred only ten or fifteen minutes after the crime. The victim was able to give a detailed description of the clothing worn by two of the robbers. He was positive about his identification based upon the clothing and hair; he admitted he was unable to see the faces clearly. It appears therefore that there was little likelihood of misidentification.
This assignment of error lacks merit.

CONCLUSION

The defendants’ convictions are affirmed.
The sentences imposed upon Wayne Carr are affirmed. The sentences imposed upon Anthony Celius are vacated, and the case is remanded for resentencing in accordance with State v. Desdunes, supra, and State v. Husband, supra. Counsel’s motion to withdraw is granted.

AFFIRMED IN PART.

REVERSED IN PART AND REMANDED.

. The application raising the issue was filed by defendant Celius. The court’s judgment "reinstating” the appeal was captioned with only that defendant's name. Nevertheless, the trial court furnished two individual notices of appeal, one for each appellant. These notices were prepared on February 21, 1992, as to Celius and on April 14, 1992, as to Carr. It appears therefore that the trial court did receive some type of pleading raising the issue as to Carr, although no formal judgment granting a new appeal or reinstating the old one was ever issued.

. The Court’s reference is to In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) holding that the government must prove beyond a reasonable doubt every element of a charged offense.