liGAUDIN, Judge.
Ernest Alexander is now before this Court contending that his armed robbery sentence, 40 years at hard labor without benefit of parole, probation or suspension, was more harsh than two earlier illegally lenient sentences. We do not agree.
Following his conviction by a jury, Alexander was initially sentenced on October 5, 1983 to 99 years at hard labor. In 1991, Alexander filed a motion to correct this illegally lenient sentence because it did not prohibit parole as dictated by the statute (LSA-R.S. 14:64). On May 28, 1992, Alexander was resentenced, this time to 66 years.
On September 5, 1993, Alexander filed a second motion to correct an illegally lenient sentence because the 66-year sentence, as the first sentence, did not prohibit parole, probation or suspension of sentence.
On April 19,1993, the motion was heard by Judge Cheney Joseph. Another Judge, Thomas Malik, had sentenced Alexander in 1983 and again in 1992. This time, Alexander was sentenced to 40 years without benefit of parole, probation or suspension of sentence.
 In State v. Desdunes, 579 So.2d 452 (La.1991), the Louisiana Supreme Court set forth guidelines for courts to use in considering motions to correct illegally lenient sentences. Because the correction of an illegally lenient sentence often results in a more severe sentence for the defendant, the record of the resentencing should reflect that the resentencing judge considered the intent of the original sentencing judge. The Court stated at page 452:
“If the intent of the judge who imposed the original sentence was that the term of years be served without benefit of parole, resentencing to the same term of years without benefit of parole is appropriate. If the intent of the judge who imposed the original sentence was to allow eligibility, then the resentencing judge may impose a *1229 sentence of a lesser term of years -without benefit of parole to reflect that intent.”
Here, the record clearly shows that the judge who passed sentence on April 19, 1993 took into consideration the intent of the original judge, which was to permit parole after approximately 20 years. At the resen-tencing hearing, Judge Joseph said:
“The parole eligibility is based on the length of sentence, and the good time eligibility is based on the length of the sentence. Good time eligibility is available to you even if a sentence is imposed without benefit of parole after you serve half your sentence. What the law also provides is that you are parole eligible automatically on any sentence that’s imposed after you reach age forty-five and have served twenty years. Now, I have to look at the record and assume that what Judge Malik was trying to do is make you parole eligible after you had served approximately twenty years.”
Actually, Alexander, under current standards, would have had to serve 22 years of the 66-year sentence before being eligible for parole.
For the foregoing reasons, we affirm the sentence imposed on April 19, 1993.
AFFIRMED.