## NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2024 KA 0390

## STATE OF LOUISIANA

## VERSUS

## BRANDT ANTHONY BENNETT

*DATE OF JUDGMENT:*        DEC 2 7 2024

ON APPEAL FROM THE THIRTY-SECOND JUDICIAL DISTRICT COURT
PARISH OF TERREBONNE, STATE OF LOUISIANA
NUMBER 848021, DIVISION D

HONORABLE DAVID W. ARCENEAUX, JUDGE

* * * * * *

Joseph L. Waitz, Jr.
District Attorney
Joseph S. Soignet
Special Prosecutor
Amanda L. Mustin
Assistant District Attorney
Houma, Louisiana

Counsel for Appellee
State of Louisiana

Bertha M. Hillman
Covington, Louisiana

Counsel for Defendant-Appellant
Brandt Anthony Bennett

* * * * * *

BEFORE: THERIOT, CHUTZ, AND HESTER, JJ.

Disposition: **CONVICTION AND SENTENCE AFFIRMED.**

**CHUTZ, J.**

The defendant, Brandt Anthony Bennett, was charged by grand jury indictment with second degree murder, a violation of La. R.S. 14:30.1. He entered a plea of not guilty and, following a trial by jury, was found guilty of the responsive verdict of manslaughter and sentenced to forty years at hard labor. The defendant now appeals and, for the following reasons, we affirm his conviction and sentence.

## FACTS

On September 26, 2022, the defendant received a message from Melissa Lopez, his aunt, stating her boyfriend, Larry Mayo, refused to leave her home on Willowdale Drive in Gray, Louisiana. Mayo had been staying at Lopez's home since she picked him up at a homeless shelter in New Orleans a few days prior. However, Lopez and Mayo got into a physical altercation earlier that day, and Lopez told Mayo he had to leave. Mayo packed his bags and put them outside, but did not have transportation back to New Orleans.

When the defendant arrived at the home, wearing a black ski mask and armed with a gun, Lopez told Mayo not to open the door for him. Mayo nevertheless let the defendant in, and then sat down on the sofa in the living room. The defendant began waving his gun at Mayo and telling him to leave his aunt's home. Mayo stated he wanted to leave, asking Lopez to drop him off at the truck stop. Mayo, who was unarmed, walked toward the sofa where Lopez was seated, at which point the defendant shot Mayo in the chest. Mayo fell forward onto the floor and the defendant shot him once more in the back, killing him. The defendant then fled the home, throwing his gun off a nearby bridge.

## EXCESSIVE SENTENCE

In his sole assignment of error, the defendant argues his sentence is unconstitutionally excessive. Specifically, he alleges under the facts of this case,

the imposition of a forty-year sentence is grossly out of proportion to the severity of the offense.

The Eighth Amendment to the United States Constitution and Article I, § 20 of the Louisiana Constitution prohibit the imposition of cruel or excessive punishment. A sentence within statutory limits may still be considered excessive if it is grossly disproportionate to the seriousness of the offense, or is nothing more than a purposeless and needless infliction of pain and suffering. A sentence is grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, the sentence shocks the sense of justice. **State v. Anderson**, 2022-0587 (La. App. 1st Cir. 12/22/22), 357 So.3d 845, 852, writ denied, 2023-00352 (La. 9/6/23), 369 So.3d 1267.

The trial court has great discretion in imposing a sentence within the statutory limits, and such a sentence will not be set aside as excessive in the absence of an abuse of discretion. Louisiana Code of Criminal Procedure article 894.1 sets forth the factors for the trial court to consider when imposing a sentence. While the entire checklist of La. Code Crim. P. art. 894.1 need not be recited, the record must reflect the trial court adequately considered the criteria. **Anderson**, 357 So.3d at 852. The trial court should review the defendant's personal history, his prior criminal record, the seriousness of the offense, the likelihood that he will commit another crime, and his potential for rehabilitation through correctional services other than confinement. On appellate review, the relevant question is whether the trial court abused its broad sentencing discretion, not whether another sentence might have been more appropriate. **Anderson**, 357 So.3d at 852. As applicable here, whoever commits the crime of manslaughter shall be imprisoned at hard labor for not more than forty years. La. R.S. 14:31(B).

The trial court herein considered several factors under Article 894.1 prior to sentencing. It specifically noted the defendant's youth, stating he was eighteen

3

years old at the time of the killing, but that the defendant's juvenile record was "not without blemish." The trial court noted the defendant used a firearm to kill Mayo, he shot him twice, including once in the back, and the killing was unprovoked. The trial court went on to note the defendant disposed of the murder weapon and evaded police during their investigation. Finally, the trial court remarked upon the defendant's lack of remorse and that the evidence adduced at trial would have easily supported a conviction for second degree murder. See La. Code Crim. P. art. 894.1(A)(3) & (B)(6), (B)(10), (B)(18), (B)(21). In light of these factors, the trial court imposed the maximum sentence of forty years at hard labor. The defendant then noted his objection to the sentence as excessive.

On appeal, the defendant contends the trial court failed to adequately consider his status as a first-felony offender, his youth, his seventh-grade education, and because of his age and lack of criminal record, it is likely he could be rehabilitated in less than forty years.

At the outset, we note the defendant failed to file a motion to reconsider sentence setting forth the specific grounds raised herein. The failure to make or file a motion to reconsider sentence or include a specific ground upon which a motion to reconsider sentence may be based, including a claim of excessiveness, precludes the defendant from raising an objection to the sentence or from urging any ground not raised in the motion on appeal or review. See La. Code Crim. P. art. 881.1(E). As such, the defendant's oral objection to the sentence as excessive preserves only a bare claim of constitutional excessiveness on appeal. See **State v. Mims**, 619 So.2d 1059, 1059-60 (La. 1993) (per curiam); **State v. Scott**, 634 So.2d 881, 882-83 (La. App. 1st Cir. 1993).

A thorough review of the record reveals the trial court adequately considered the criteria of Article 894.1 and did not abuse its discretion in imposing the maximum sentence herein. Additionally, the sentence imposed was not grossly

4

disproportionate to the severity of the offense, and thus was not unconstitutionally excessive. High and maximum sentences have been imposed on first-time or young offenders convicted of manslaughter under a variety of circumstances. See **State v. Soraparu**, 97-1027 (La. 10/13/97), 703 So.2d 608 (per curiam) (finding maximum sentence of forty years for manslaughter imposed on twenty-one-year-old[1] defendant appropriate where facts justified a verdict of second-degree murder); **State v. Lambert**, 2009-1223 (La. App. 1st Cir. 12/23/09), 2009 WL 5647224, *2 (unpublished) (finding forty-year sentence imposed on responsive offense of manslaughter not unconstitutionally excessive in light of the violent nature of the offense).

Herein, the trial court presided over the defendant's trial in this matter and was familiar with the facts and circumstances of this case prior to imposing its sentence. It noted the evidence adduced at trial would have easily supported a conviction for second degree murder. Based upon that evidence, the trial court reasoned the defendant acted without provocation or justification when he arrived at his aunt's home armed with a gun and wearing a ski mask, and shot and killed an unarmed man who was actively trying to remove himself from the situation. The defendant further demonstrated his disregard for the rule of law by disposing of the murder weapon and evading police during their investigation. Finally, the trial court noted that at no point did the defendant express remorse or take accountability for shooting Mayo in the back and killing an unarmed man.

Thus, we find the trial court did not abuse its discretion by imposing a sentence of forty years, and such a sentence is not unconstitutionally excessive. This assignment of error is without merit.

**CONVICTION AND SENTENCE AFFIRMED.**

---

[1] See **State v. Soraparu**, 93-1636 (La. App. 4th Cir. 1/19/95), 649 So.2d 1100, 1004 n.2, writ granted in part, 97-1027 (La. 10/13/97), 703 So.2d 608 (per curiam) ("According to the record, the [defendant] was twenty-one in 1993 [the year the offense was committed].")